■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES J. WILKINSON, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent. — Appeal from an order of the County Court of Clinton County which dismissed a writ of habeas corpus. Relator is being held under a sentence imposed upon him as a third felony offender. He urges the invalidity of one of the prior convictions, had upon his plea of guilty, on the ground that he

had never been arraigned upon the indictment to which he so pleaded. In each of two indictments (Nos. 25 and 43), for grand larceny, second degree, involving the taking at different times of different automobiles, one valued at $450, and the other at $350, relator was charged, in the first count, with common-law larceny and in the second with unauthorized use pursuant to section 1293-a of the Penal Law. Defendant was arraigned upon indictment No. 43 and pleaded not guilty, his retained counsel being present then, and again two days later, when an Assistant District Attorney called indictment No. 43 and then, after an unexplained interruption for a five-minute interval, continued: " MR. FRITSCH: Previous hereto you have entered a plea of not guilty to Indictment No. 25 filed by the Monroe County Grand Jury on September 22nd, 1950, charging you with the crime of grand larceny in the second degree in two counts; and it is my understanding that at this time you wish to change your plea of not guilty to the second count in that indictment, charging you with grand larceny in the second degree and enter at this time a plea of guilty to that second count? THE DEFENDANT: That's right. MR. FRITSCH: Is that correct? THE DEFENDANT: Yes, sir. MR. FRITSCH: And you enter that plea at this time after consulting and discussing it and on the advice of your attorney? THE DEFENDANT: Yes." The indictment number and the filing date mentioned should have been significant to defendant and his counsel as indicating that indictment No. 43, filed eight months earlier, was not that referred to. Likewise the erroneous reference to a previous plea to indictment No. 25 was obvious and apparent. There is no intimation here that defendant and counsel did not know the terms of both indictments or that counsel did not have copies of them. Under all the circumstances, the erroneous reference to a prior plea seems to have been harmless and the remainder of the Assistant District Attorney's statement to have constituted substantial compliance with the requirements of an arraignment, which " consists in stating the charge in the indictment to the defendant, and in asking him whether he pleads guilty or not guilty thereto." (Code Crim. Pro., § 309.) Defendant appeared for sentence almost a month later, with the same counsel. A second-offender information read at that time incidentally served again to identify the charge to which defendant had pleaded guilty, by referring to the date of the crime as charged in indictment No. 25. The judgment (from which, so far as appears, no appeal was taken) recited the facts of the crime charged in indictment No. 25. While we have found substantial compliance with section 309, the circumstances would equally support a finding of waiver. ( Cf. *People* v. *Tower*, 63 Hun 624, 17 N. Y. S. 395, affd. 135 N. Y. 457.) If, however, it were considered, contrary to the record quoted and to the records subsequent thereto, that the District Attorney's references to indictment No. 25 constituted mistake and that the intent was to make and accept a plea to indictment No. 43, the result here might well be no different. There would then appear no reason, under the peculiar circumstances, why such intent might not be effectuated by correction of the records *nunc pro tunc* (and thus as of a date prior to that of the later dismissal of indictment No. 43) to accord with that intent. The crimes charged were identical; the sentence imposed has expired; indictment No. 25 would be subject to dismissal; and no prejudice to relator could result since his sole claim here is that his intent to plead guilty to indictment No. 43 was thwarted. The propriety of such procedure need not, however, be now determined. Order affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.