■ LETICIA BERNARD, Respondent, v. GILBERT BERNARD, Appellant.— In an action for divorce, defendant appeals from an order of the Supreme Court, Queens County, entered June 13, 1972, which granted, without a hearing, plaintiff's motion to punish him for contempt for having failed to make cer- tain payments as directed by an order of the same court dated December 16, 1971. Order reversed, without costs, and motion denied. Order of commitment, dated July 19, 1972, vacated. The above-mentioned order dated December 16, 1971, in addition to granting plaintiff temporary alimony and child support, awarded her $1,500 for counsel fees, one half payable within 20 days after service upon defendant of a copy of the order with notice of entry and the balance when the action would appear on the Trial Calendar. In March, 1972 plaintiff, alleging that defendant had failed to comply with that order as to the payment of counsel fees, moved for sequestration of his real property and appointment of a receiver to sell the property. In opposition, defendant alleged payment of the first installment and presented a canceled check for $750 payable to and indorsed by plaintiff. Plaintiff then explained that she had been fraudulently induced to sign the check but never received the money. Special Term (Mr. Justice Castaldi) referred the motion and the question of whether. counsel fees had been paid to the trial court. Thereafter, in April,

1972, plaintiff moved to adjudge defendant in contempt of court for failure to comply with the order of December 16, 1971. Similar claims of non-payment, payment and fraud were made. By the order now under review, Special Term (Mr. Justice Giaccio) granted this motion without a hearing. This order must be reversed. Section 245 of the Domestic Relations Law permits the use of contempt proceedings to punish a husband for his default in paying a sum of money as required by an order where " it appears presumptively, to the satisfaction of the court, that payment cannot be enforced by means of the sequestration of his property ". In the present case, there has been no such showing (*Zellermayer* v. *Zellermayer*, 36 A D 2d 636; *Johanny* v. *Johanny*, 41 A D 2d 568). We are also of the opinion that the issues raised in support of and in opposition to the motion should not have been determined without a hearing. Furthermore, Special Term should not have entertained the motion to punish for contempt as the issues raised in that motion were identical with those presented on the motion for sequestration which had been referred to the trial court. The decision of Special Term on the sequestration motion was binding upon all courts of co-ordinate jurisdiction. Accordingly, the court at Special Term exceeded its authority in determining the contempt issue before trial (*Dain & Dill* v. *Betterton*, 39 A D 2d 939). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.