OPINION OF THE COURT
John W. Sweeny, J.
This is a writ of habeas corpus which challenges the legality of relator’s detention by respondent.
This detention is pursuant to an order of commitment issued by the Family Court of Orange County dated April 12, 1978. The basis of the commitment order was a finding of a willful violation of a June 18, 1965 support order of that court. The petitioner was brought before the Family Court on April 12, 1978 under a warrant which was issued (before the effective date of the July 12, 1977 amendment to section 454 of the Family Court Act) pursuant to the provisions of section 453 of that enactment.
Although no objection was raised in the Family Court proceedings, the relator’s release is now sought because of the failure of the Family Court to comply with the mandatory provisions of the July 12, 1977 amendment to section 454.
Subdivision 3 of section 454 provides that a respondent brought before the Family Court for an alleged violation of any support order "shall not be committed to jail pursuant to this section unless the court makes an order requiring such respondent to show cause at a time and place specified therein why he shall not be punished for contempt”. The section requires that the order to show cause be personally served and contain a warning, in accordance with section 756 of the Judiciary Law, of possible imprisonment if a finding of contempt is subsequently made by the court. The return discloses that the provisions of the amended statute were not followed in this case.
Since we are not concerned here with a situation involving an implicit waiver of any constitutional or statutory right similar to a criminal proceeding where a plea of guilty has been entered (cf. People ex rel. Wilkinson v Jackson, 7 AD2d 763, affd 7 NY2d 809; People ex rel. Carr v Martin, 286 NY 27), the petitioner is not, as argued by respondent, foreclosed *374 from raising this issue in the instant proceeding (People ex rel. Ray v Martin, 294 NY 61, 65).
This court believes that since there is a claim that petitioner is being incarcerated pursuant to an order which contains a deprivation of a statutory right on the face of the record, a writ of habeas corpus is an appropriate remedy (People ex rel. Keitt v McMann, 18 NY2d 257, 262-263). The basic contention in this proceeding is that under the provisions of the July 12, 1977 amendment to section 454, the Family Court lacked jurisdiction to issue a commitment order since there had been no prior notice given of possible incarceration by order to show cause.
This amendment to the Family Court Act was part of a broad legislative change (L 1977, ch 437) affecting the contempt proceedings provided in the Judiciary Law, the Domestic Relations Law and the Family Court Act. Apparently these changes followed the decision of the three-Judge Federal court in Vail v Quinlan (406 F Supp 951), which held the relevant provisions of the Judiciary Law violative of due process (revd on the theory of abstention [Juidice v Vail, 430 US 327]).
These amendments indicate a very strong legislative policy against any summary commitment without explicit prior notice. It should be noted that under the amended provisions of section 772 of the Judiciary Law, even if proper notice has been given and a party has not appeared on the return date, the Supreme Court in an analogous proceeding under section 245 of the Domestic Relations Law can only issue a conditional order of commitment which in turn must be personally served upon the offender before actual incarceration can be effected by the court.
Both the background and the general scheme of these amendments indicate that the Legislature intended to create substantial procedural safeguards in order to limit the jurisdiction of any court to commit a person for contempt. Therefore, since these procedural safeguards form the very basis for a court’s jurisdiction to commit, this court must conclude that the Family Court, even though the relator was before it pursuant to a warrant (§ 453), had no jurisdiction to commit him without first complying with the statute.
While such a construction of the statute might emasculate some of the power of the Family Court to deal with recalcitrant offenders who will only appear in court through the force of a warrant, this court is not empowered to supply an *375 exception to what appears as an all-encompassing mandate of the Legislature (cf. 56 NY Jur, Statutes, § 111).
The court rejects respondent’s claim that the July 12, 1977 amendment should not be construed as retroactive to the extent that it would affect a warrant issued prior to its effective date. Procedural statutes, if this be so construed, apply to procedural steps in pending proceedings after their enactment (McKinney’s Cons Laws of NY, Book 1, Statutes, § 55, p 117). Additionally, since the changes in these contempt statutes are ameliorative and reflect a judgment that the earlier law was unduly unjust, a court should not withhold the benefits of the new statute to one tried after its passage (People v Oliver, 1 NY2d 152, 163).
Accordingly, this application is granted and the respondent is directed to discharge Joseph Latham from the commitment under the amended Family Court order dated April 12, 1978 forthwith.