■ BELLE SMITH, Respondent, v WILLIAM SMITH, Appellant.—Order,

Supreme Court, New York County, entered February 14, 1978, adjudging defendant in contempt, directing a judgment for arrears of alimony and sequestration, a receiver, etc., is unanimously modified, on the law, so as to vacate the provisions of the judgment adjudicating the defendant in contempt and the provisions for enforcement of such contempt, being the second, third, fourth, fifth and sixth decretal paragraphs of the order appealed from, and the order is otherwise affirmed, without costs and without disbursements to either party. Apart from the question whether defendant presented a sufficient factual issue to justify a hearing before adjudication of contempt, there was insufficient basis for holding defendant in contempt because there has been no finding that it appears presumptively to the satisfaction of the court that payment pursuant to the alimony order cannot be enforced pursuant to sections 243 and 244 of the Domestic Relations Law or section 49-b of the Personal Property Law (security, sequestration, execution, income deduction). Such a finding is prerequisite to a contempt order for violation of an order requiring payments of sums of money in matrimonial actions. (Domestic Relations Law, § 245; *Raphan v Raphan,* 63 AD2d 624.) Section 245 of the Domestic Relations Law also provides that application to enforce the order by contempt "may also be made without any previous sequestration or direction to give security where the court is satisfied that they would be ineffectual." There is no finding to that effect. And the record indicates that the defendant has or had interests in various real properties and corporations in New York. Concur—Murphy, P. J., Birns, Silverman, Evans and Fein, JJ.