■ ROSLYN RAPHAN, Respondent-Appellant, v BERNARD RAPHAN, Appellant-Respondent. ROSLYN RAPHAN, Respondent, v BERNARD RAPHAN, Appellant.—Order, Supreme Court, New York County, entered August 9, 1977, which granted plaintiff's application so as to increase from $60 to $90 the weekly child support payments required to be made by defendant pursuant to a judgment of divorce and which awarded $1,000 in counsel fees to plaintiff's attorney, unanimously modified, on the law, on the facts and in

the exercise of discretion, to the extent of directing that the increase in child support payments be retroactive to October 14, 1976, the original return date of the application, and otherwise affirmed, without costs and without disbursements. The order, Supreme Court, New York County, entered December 5, 1977, denying defendant's application to stay the August 9, 1977 order and granting plaintiff's cross motion to adjudge defendant in contempt for failing to comply with the order increasing the weekly child support payments required to be made, unanimously modified, on the law, only to the extent of vacating so much of said order which adjudged defendant in contempt for his failure to comply with the August 9, 1977 order, and striking the decretal provisions which awarded an additional sum of $250 as counsel fees to plaintiff's attorney for prosecuting the cross motion to punish for contempt, and otherwise affirmed, without costs and without disbursements. Plaintiff applied to increase the child support provision contained in the judgment of divorce to increase the weekly support payments required from $60 to $90 for each of the two children of the marriage. Following a hearing, Special Term granted the application, increasing the weekly support payments, commencing April 21, 1977, the first day of the hearing on the motion. The record amply supports the determination of Special Term directing an increase in support payments to be made by defendant. Although plaintiff's gross income in the sum of $23,000 as a guidance counselor employed by the New York City Board of Education is $3,000 more than at the time of the divorce, defendant's earnings substantially increased from $18,000 at that time to the area of $37,000 at the time of this application. His personal income tax returns evidence the sharp increase in his earnings. Special Term also appropriately took cognizance of the increased needs and expenses for the support of the children, over and above those prevailing at the time of the divorce. There was sufficient testimony and proof adduced that, as the children became older, they required additional funds for clothing, telephone, drugs, cosmetics, education and transportation. There was also an increase in medical and dental bills and expenses as well as the cost of entertainment, summer camp and music lessons. Under the circumstances, the $30 per week increase for each child is not excessive. Plaintiff was entitled to a direction that the increase in support payments be made retroactive to the original return date of the application, rather than to the actual date of the hearing held on the motion. As held in *Bottner v Bottner* (39 AD2d 680), the court, in its discretion, may direct a retroactive increase in alimony payments. The same rule is applicable with respect to payments required to be made for child support. We have concluded that Special Term erred in holding defendant in contempt for his failure to pay the increase in child support as directed by the order of August 9, 1977, although no legitimate excuse was offered for the failure to comply with that order. The fact that a party has appealed does not, in the absence of an appropriate stay, justify refusal to comply with the direction of the court. For failure to comply, an application to punish for contempt is the usual remedy. However, section 245 of the Domestic Relations Law, prescribing when contempt proceedings are available in a matrimonial proceeding to enforce an order or judgment directing the payment of a sum of money, directs that upon application to punish for contempt in such an action or proceeding, it must "presumptively" appear to the satisfaction of the court, that payment cannot be otherwise enforced pursuant to section 243 of the Domestic Relations Law (sequestration) or section 244 (entry of a money judgment) or pursuant to section 49-b of the Personal Property Law (wage deduction). Section 245 of the Domestic

Relations Law provides that the "application may also be made without any previous sequestration or direction to give security where the court is satisfied that they would be ineffectual." However, here there was no attempt to sequester defendant's property and it has not been shown that sequestration would be ineffectual. Although plaintiff alleged that defendant did not have any property within the State which could be sequestered, the record affirmatively establishes the contrary. There was testimony as to defendant's bank accounts. Accordingly, since contempt proceedings were brought without complying with the statutory predicate of first seeking sequestration, the court improperly adjudged defendant in contempt and should not have awarded counsel fees upon the contempt application *(Johanny v Johanny,* 41 AD2d 568; *Bernard v Bernard,* 41 AD2d 735). Concur —Silverman, J. P., Fein, Lane, Sandler and Sullivan, JJ.