■ MARY A. COVELLO, Respondent-Appellant, v ROBERT COVELLO, Appellant-Respondent.—Order, Supreme Court, Bronx County, entered September 15, 1978, adjudging defendant in contempt and imposing a fine, and reducing the amount of alimony, support and maintenance to be paid by defendant to plaintiff, and awarding counsel fees to plaintiff's attorney, is unanimously modified, on the law and the facts, to the extent of (a) striking the first four decretal paragraphs and the last decretal paragraph of the order; (b) amending the fifth decretal paragraph so as to provide that the sum of $180 per week therein directed to be paid shall be allocated $60 per week for the support of plaintiff and $60 per week for the support of each of the parties' two minor children; (c) granting judgment to plaintiff against defendant for the sum of $6,125, representing arrears to March 31, 1978 payable under the judgment of the Supreme Court of March 18, 1976, with interest thereon from March 31, 1978; and the order is otherwise affirmed, without costs and without disbursements. Adjudication for contempt may only be had where it appears presumptively to the satisfaction of the court that payment cannot be enforced by sequestration, requiring security, or execution. (Domestic Relations Law, §§ 245, 243, 244.) In the present case, that does not appear. The husband apparently owns real property in Long Island valued at substantially more than the amount of the arrears. Accordingly, the provisions of the order adjudicating the husband in contempt, fining him therefor, and directing that he may purge himself by paying $50 per week toward the fine are stricken. Instead, plaintiff wife is entitled to judgment for $6,125, the amount of the arrears to March 31, 1978, together with interest thereon from that date. The reduction directed by Special

Term from total payments of $225 per week to $180 per week is greater than it appears because the $225 per week directed by the original divorce judgment was allocated $75 for support of the wife and $150 for support of the children, thus making only the $75 taxable to the wife and deductible by the husband. The order appealed from awards $180 per week, unallocated, making the whole $180 per week taxable to the wife and deductible by the husband for income tax purposes. We think it is fair to allocate the $180 in the same proportion as the $225 was originally allocated, one third for the support of the wife and two thirds for the support of the children. Settle order. Concur—Sandler, J. P., Sullivan, Lane, Lupiano and Silverman, JJ.