DIANE WEAVER, Respondent, v SHELDON WEAVER, Appellant.

Fourth Department, January 24, 1980

## APPEARANCES OF COUNSEL

*Hodgson, Russ, Andrews, Woods & Goodyear (William H. Gardner* of counsel), for appellant.

*Cunningham, Pares & Renda (James P. Renda* of counsel), for respondent.

## OPINION OF THE COURT

WITMER, J.

The principal question presented on this appeal is whether a temporary order for alimony and support made in an action for divorce may be enforced after entry of the judgment for divorce. We hold that it may not.

Plaintiff instituted an action for divorce in April, 1978. In

May, 1978 an order was obtained in that action directing defendant to pay temporary alimony and support to plaintiff and the two children of the marriage, and requiring other payments for maintenance of the marital residence, which temporarily was awarded to plaintiff. When defendant defaulted in payments under that order the court found that defendant was in arrears from February 16, 1979 but that the default was not contemptuous. In late May and early June, 1979 the action for divorce was tried, and on August 24, 1979 the court made its memorandum decision granting judgment of divorce to plaintiff. On October 12, 1979 judgment was entered thereon. It included the grant of judgment for defendant's arrears in payment of temporary alimony and support and for delinquent mortgage and real estate tax payments from February 16, 1979.

After the court's decision of August 24, 1979, by order to show cause dated September 6, 1979, plaintiff instituted a proceeding to hold defendant in contempt of court for failure to comply with the temporary order of May, 1978. As above noted, on October 12, 1979 judgment was entered on the court's decision of August 24, 1979 and the findings of fact and conclusion of law thereafter signed. On October 23, 1979 plaintiff brought on for a hearing her application for judgment to hold defendant in contempt of court for failure to comply fully with the temporary order of May, 1978.

Defendant interposed answering papers asserting that the application was deficient in failing to allege that plaintiff had exhausted her other remedies as provided in sections 243 and 244 of the Domestic Relations Law and section 49-b of the Personal Property Law, so that plaintiff was not even entitled to a hearing on the application (see *Smith v Smith,* 63 AD2d 621). Nevertheless, a hearing was held thereon. In her case plaintiff produced no evidence to show that she could not obtain satisfaction of the temporary order without resorting to this contempt proceeding. Defendant's testimony, however, was to the effect that he had no assets for application to payment on the temporary order beyond his weekly salary from Weaver Manufacturing Company, of which he appears to be the principal stockholder, and that, except for about $100 per week of his salary used for the support of himself and another daughter, his weekly income has been paid to plaintiff and his two children of the marriage, toward compliance with the temporary order of May, 1978.

It is plaintiff's position that the above evidence shows pre-

sumptively that plaintiff cannot secure compliance with the temporary order except by a judgment holding defendant in contempt of court and ordering him to prison until he does comply. It is doubtful from the above evidence that plaintiff has fully explored defendant's assets so as to demonstrate that she cannot obtain satisfaction of the temporary order without resorting to contempt proceedings (see *Covello v Covello,* 68 AD2d 818; *Smith v Smith, supra).* If the evidence is sufficient, however, to support plaintiff's application, it demonstrates too much; for it shows that defendant has no assets of value and no way of complying fully with the temporary order. Upon such proof defendant should not be held in contempt of court and sent to jail *(Joachim v Joachim,* 57 AD2d 546, app dsmd 42 NY2d 1011, cert den 434 US 1066; *Matter of Storm,* 28 AD2d 290; 19A Carmody-Wait 2d, NY Prac, §§ 118:137, 118:139, pp 266-269, 271-272). Our decision, however, need not rest on this issue.

The temporary order of May, 1978 was made to provide for plaintiff and the children of the marriage pending the determination of the action for entry of judgment. If plaintiff needed and wished enforcement of the temporary order, it was incumbent upon her to act on it while the action was pending *(Polizotti v Polizotti,* 305 NY 176, 179). The entry of the judgment of divorce in plaintiff's favor on October 12, 1979 terminated the action, and thereupon any right that plaintiff had to enforce the temporary order for alimony and support was lost *(Prothers v Prothers,* 283 App Div 747; *Mittman v Mittman,* 263 App Div 384; *Cutrone v Cutrone,* 176 Misc 988, affd 262 App Div 992; 19A Carmody-Wait 2d, NY Prac, § 118:135, pp 264-265).

As above noted, the arrears under the temporary order were included as part of plaintiff's judgment of divorce. All of her rights in the action were resolved in that judgment. After entry of the judgment of divorce the court, therefore, lacked power to grant the judgment of contempt for failure to comply with the temporary order; and so such judgment of contempt was a nullity and it should be reversed and vacated.

SIMONS, J. P., HANCOCK, JR., SCHNEPP and CALLAHAN, JJ., concur.

Judgment unanimously reversed, without costs, and application denied.