■ PATRICIA E. BARRECA, Respondent, v LEONARD J. BARRECA, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: Appellant husband appeals from an order of Special Term, Supreme Court, Niagara County, insofar as it granted respondent wife's motion to hold him in contempt of court for failure to make alimony, child support and counsel fee payments as directed in an order dated November 28, 1979 and directing him to pay all arrears plus an additional $250 in counsel fees within 15 days or that a warrant for his arrest be issued ex parte. Special Term lacked jurisdiction to entertain the contempt proceeding. It is conceded that the application to punish appellant for contempt contained neither the notice nor the warning required pursuant to section 756 of the Judiciary Law. That section mandates that an "application" to punish for contempt "shall contain on its face" both (1) a notice that the purpose of the hearing is to punish for contempt and that such punishment may consist of a fine or imprisonment and (2) a warning printed in eight point bold face type that failure to appear may result in an arrest or imprisonment. Absent the requisite notice and warning, Special Term was without jurisdiction to punish for contempt *(Stevens Plumbing Supply Co. v Bi-County Plumbing & Heating Co.,* 94 Misc 2d 456; *People ex rel. Stage v Sherwood,* 94 Misc 2d 372). The record is insufficient to determine whether Special Term considered what means were available to enforce the payments directed by the temporary order of support. Section 245 of the Domestic Relations Law requires that before an application to hold a husband in contempt for nonpayment of a sum of money be considered, it must appear "presumptively" that payment cannot be otherwise enforced pursuant to section 243 of the Domestic Relations Law (sequestration), section 244 (entry of a money judgment) or a wage deduction order pursuant to section 49-b of the Personal Property Law. Such a finding by the court and the exhaustion of those other remedies are a prerequisite to a contempt order for violation of an order requiring payments of money in matrimonial actions *(Covello v Covello,* 68 AD2d 818; *Smith v Smith,* 63 AD2d 621). According to appellant's affidavit, he owned two automobiles, radio equipment worth $1,500 and guns worth $650 as well as joint interest in the marital residence and furnishings. We further find that Special Term erred in not holding an evidentiary hearing on appellant's defense that he was financially unable to comply with the order of support. Where a person asserts financial inability to comply with the support provisions of an order as a defense to a contempt proceeding, he is entitled to an evidentiary

hearing to resolve the conflicting claims before he can be adjudged in contempt *(Cappione v Cappione,* 63 AD2d 757). Such a defense should not be evaluated on conflicting affidavits because "the requisite willfulness and contumacious conduct, if any, of the defaulting husband can only be ascertained at a hearing" *(Hickland v Hickland,* 56 AD2d 978, 979). Due process requires that an evidentiary hearing be held to resolve the conflicting claims before one can be adjudged in contempt *(Singer v Singer,* 52 AD2d 774). Defendant was improperly adjudged in contempt and Special Term should not have awarded counsel fees upon the contempt application *(Raphan v Raphan,* 63 AD2d 624, 626). The order insofar as appealed from is reversed and the respondent wife's motion is denied. (Appeal from order of Niagara Supreme Court—contempt.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.