■ PAMELA P. ZELNICK, Appellant, v MICHEL R. ZELNIK, Respondent. [742 NYS2d 278] —Order, Supreme Court, New York County (Judith Gische, J.), entered May 15, 2001, which, inter alia, (1) granted defendant husband's cross motion to terminate his child support obligation to plaintiff, effective November 9, 2000; (2) denied plaintiff's motion for recalculation of her housing allowance; and (3) denied plaintiff's motion to hold defendant in contempt for failure to pay child support, unanimously affirmed, without costs.

The motion court correctly determined that defendant demonstrated a substantial change in circumstances warranting termination of his child support obligations prospectively from November 9, 2000, the date of his application to modify his support obligation (see, Domestic Relations Law § 236 [B] [9] [b]; Matter of Dox v Tynon, 90 NY2d 166, 168). Although the parties' child had, subsequent to the parties' divorce, initially resided with plaintiff, she has since 1997 lived with defendant, spending most of her school-free time with him, and defendant has, from 1997 on, paid virtually all of the child's expenses, including the costs of tuition, medical care, travel, clothes, allowance, food and utilities.

Plaintiff's motion for recalculation, i.e., upward modification, of defendant's monthly obligation for plaintiff's rent, capped at $5,000 pursuant to the parties' so-ordered stipulation, was properly denied. Even if we were to agree with plaintiff that there are grounds to release her from her agreement to cap defendant's monthly rental obligation at $5,000, no proof of a changed circumstance warranting the upward modification sought by plaintiff was adduced.

The motion court properly denied plaintiff's motion to hold defendant in contempt for failure to pay child support. Since 1995, defendant has paid plaintiff in excess of $2 million and there does not at this time appear to be any reason why other remedies, such as an income execution order, would be ineffectual (see Domestic Relations Law § 245; Raphan v Raphan, 63 AD2d 624, 625-626). Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.