Henry F. Owsley, III, Respondent, v Danica Cordell-Reeh, Appellant. [21 NYS3d 246]—

Orders, Supreme Court, New York County (Lori S. Sattler, J.), entered December 12, 2012, September 12, 2013, and on or about June 12, 2014, which, to the extent appealed from as limited by the briefs, denied the defendant mother a hearing on the issue of alienation, denied her discovery demands, suspended plaintiff father's child support payments, and denied her request to hold the father in contempt, unanimously affirmed, without costs. Order, same court and Justice, entered December 12, 2014, which, to the extent appealed from as limited by the briefs, denied the mother's motion to hold the father in contempt and dismiss his fraud claim, unanimously modified, on the law, to the extent of dismissing the fraud claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 17, 2013, which denied the mother's motion to reargue that part of the court's December 10, 2012 order granting the father's motion to suspend his child support to the extent of directing a hearing on the issue, and denying the mother's discovery demand, unanimously dismissed, without costs, as taken from a nonappealable paper.

The court, in its December 12, 2012 order, properly denied the mother's motion seeking a change in custody to grant her sole decision-making regarding the children's medical decisions and after school and related activities without conducting an evidentiary hearing on the issue of father's "alienation" of her from such decisions and activities involving the children. In any event, it is conceded that issues of custody are now moot.

The court, in its order entered on or about June 12, 2014 largely confirmed the Special Referee's report, dated January 29, 2014, as to modification of child support.

The court properly affirmed the Referee's conclusion that the father established a change in circumstances warranting modification of child support. Where a child was living with one parent but subsequently chooses to reside with the other, there has been a "substantial change" in circumstances (see

*Zelnick v Zelnik*, 294 AD2d 250 [1st Dept 2002]; *see also Matter of Steven J.K. v Leah T.K.*, 46 AD3d 421, 422 [1st Dept 2007], *lv denied* 11 NY3d 703 [2008]).

In its orders entered on September 12, 2013, and December 12, 2014, the court properly found that the father did not violate earlier orders entered in 2007 cautioning the father against denigrating the mother in front of the children, or to mental health professionals by emails sent in 2011 (*see Fabrikant v Fabrikant*, 77 AD3d 594, 594-595 [1st Dept 2010]). Various statements the father made to educational and healthcare professionals regarding the mother's mental health were made in the course of the son's medical treatment and do not appear to denigrate the mother. The court, in the order entered on December 12, 2014, properly found that the father did not violate a May 7, 2003 stipulation between the parties, by the filing of the fraud action, as that stipulation, which limits the parties' public dissemination of facts underlying the lawsuit, provides an exception for in-court filings.

The court, however, in its order entered December 12, 2014, should have granted the mother's motion to dismiss the father's fraud claim, seeking recovery of allegedly fraudulently obtained payments for add-on child care expenses, as barred by collateral estoppel. The father had a full and fair opportunity to raise the issue as early as 2012, in the course of defending his self-help withholding of child support (*Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *see also Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481 [1979]).

The issue of the allegedly fraudulently obtained payments was also discussed at the hearing before the Referee in 2014, but the father admitted that he had not pleaded fraud with particularity. He notes that he was proceeding pro se by the time of the January 2014 hearing, and the Referee did not allow him to introduce evidence regarding the overpayments; however, he acknowledged that he learned of the fraud during discovery as early as July 2012, when he was represented by counsel. Thus, he had a full and fair opportunity to raise the issue. Moreover, both the Referee and the motion court acknowledged that recoupment of such overpayments of add-on expenses was denied in the matrimonial action only in the absence of evidence that the mother "actively concealed" events that would have triggered cessation of the payments (*see Coull v Rottman*, 35 AD3d 198, 201 [1st Dept 2006], *appeal dismissed* 8 NY3d 903 [2007]; *see also Katz v Katz*, 55 AD3d 680, 683 [2d Dept 2008]).

Finally, to the extent that the mother seeks reversal of the order entered on or about June 17, 2013 which denied her motion to reargue certain parts of the court's December 12, 2012 order, her appeal is dismissed, as no appeal lies from denial of a motion to reargue (*Espinal v City of New York*, 107 AD3d 411, 412 [1st Dept 2013]).

We have considered defendant's remaining arguments, and find them unavailing. Concur—Friedman, J.P., Andrias, Gische and Kapnick, JJ.