■ COMMUNITY PRESERVATION CORPORATION, Plaintiff, v NORTHERN BLVD. PROPERTY, LLC, et al., Defendants, and YOURIK ATAKHANIAN, Appellant. ANTHONY J. RATTOBALLI, Nonparty Respondent. [31 NYS3d 584]—

In an action to foreclose a mortgage, the defendant Yourik Atakhanian appeals from stated portions of an order of the Supreme Court, Queens County (Hart, J.), dated October 28, 2014, which, after a hearing, inter alia, granted the motion of the receiver, Anthony J. Rattoballi, to hold him in civil contempt. By decision and order on motion dated November 21, 2014, this Court granted the appellant's motion to stay enforcement of the order and to release him from incarceration pending hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the receiver, Anthony J. Rattoballi, to hold the appellant in civil contempt is denied.

The defendant Northern Blvd. Property, LLC, and the appellant purchased property in Corona, Queens, and sought to construct a mixed-use building on it. They defaulted on various mortgages and the plaintiff lender commenced this action to foreclose the mortgages. During the pendency of the action, in an order dated November 14, 2013, Anthony J. Rattoballi was

appointed by the Supreme Court as receiver to collect rent from the tenants in the building and to maintain the building. Thereafter, the appellant continued to collect rent from the tenants, and the receiver moved to hold the appellant in civil contempt for failing to abide by the order. Following a hearing, in an order dated October 28, 2014, the court, inter alia, granted the receiver's motion and incarcerated the appellant. By decision and order on motion dated November 21, 2014, this Court granted the appellant's motion to stay enforcement of the order dated October 28, 2014, and to release him from incarceration pending hearing and determination of the appeal from that order.

The Supreme Court erred in granting the receiver's motion to hold the appellant in civil contempt. Pursuant to Judiciary Law § 756, a contempt application must be in writing, must be made upon at least 10 days' notice, and must contain on its face the statutory warning that "FAILURE TO APPEAR IN COURT MAY RESULT IN . . . IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT." Although the receiver's motion was in writing and complied with the 10-day notice requirement, it did not comply with the warning requirement. As such, the court was without jurisdiction to punish the appellant for contempt for failing to comply with its prior order (see Judiciary Law § 756; Cappello v Cappello, 274 AD2d 538 [2000]; Matter of Dawn P., 180 AD2d 800 [1992]).

Further, the Supreme Court erred in informing the appellant that he could not invoke his Fifth Amendment right against self-incrimination at the hearing held to determine whether he was in contempt (see El-Dehdan v El-Dehdan, 26 NY3d 19, 37-38 [2015], affg 114 AD3d 4 [2013]).

In light of our determination, we need not reach the appellant's remaining contentions. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.