Rennert v Rennert (2021 NY Slip Op 01630)





Rennert v Rennert


2021 NY Slip Op 01630


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


838 CA 19-02244

[*1]DARA E. RENNERT, PLAINTIFF-RESPONDENT,
v
MORDECHAI S. RENNERT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






VANLOON LAW, ROCHESTER (NATHAN A. VANLOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DARA E. RENNERT, PLAINTIFF-RESPONDENT PRO SE.
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered February 7, 2019. The order, insofar as appealed from, granted those parts of plaintiff's applications seeking to hold defendant in civil contempt, the imposition of a fine, and an award of costs and attorneys' fees. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and those parts of the applications seeking to hold defendant in civil contempt, the imposition of a fine, and an award of costs and attorneys' fees are denied.
Memorandum: Plaintiff mother and defendant father are the divorced parents of five children. Plaintiff filed an application by order to show cause seeking, inter alia, modification of the parties' joint custody arrangement by awarding her sole custody of the children and to hold defendant in contempt for willfully violating the terms of the existing custody order. After Supreme Court commenced a hearing on that application, plaintiff filed two additional applications by order to show cause seeking, inter alia, an order holding defendant in contempt for violating temporary custody orders entered during those proceedings, the imposition of a term of incarceration and fine against defendant, and the award of costs and attorneys' fees. Thereafter, the court bifurcated the custody and contempt proceedings. After the custody hearing concluded and before the contempt hearing commenced, defendant moved to dismiss the contempt applications on the ground that they were, inter alia, jurisdictionally defective because they did not contain the warning language required by Judiciary Law § 756. The court determined that the contempt applications substantially complied with Judiciary Law § 756 but, out of "an abundance of caution," it nevertheless allowed plaintiff to amend the applications to, inter alia, ensure that they "contain the language [required by that section]." Although plaintiff amended the contempt applications, she did not include, verbatim, the warning language of Judiciary Law § 756.
Defendant again moved to dismiss the contempt applications on, inter alia, the ground that even as amended they still did not include the required warning language. The court denied the motion, concluding that defendant had waived his argument by challenging the merits of the contempt allegations during the custody hearing and by failing to object to the absence of the requisite warning language in a timely manner. Thereafter, the court held a hearing on the contempt applications. As limited by his brief, defendant now appeals from an order insofar as it effectively granted those parts of plaintiff's applications seeking to hold defendant in civil contempt, the imposition of a fine, and an award of costs and attorneys' fees.
Initially, we agree with defendant that the court erred in determining that he waived the argument that the contempt applications were jurisdictionally defective. It is well settled that the [*2]protections of Judiciary Law § 756 may be waived where the defendant fails to object to the jurisdictional defects in a timely manner and contests the underlying contempt application on the merits (see Matter of Rappaport, 58 NY2d 725, 726 [1982]; Matter of Gregoire v Gregoire, 278 AD2d 925, 925 [4th Dept 2000]).
Here, although defendant did not raise his jurisdictional argument on the first contempt application before the hearing commenced, after plaintiff filed the second and third contempt applications, the court bifurcated the contempt and custody proceedings, considered the custody issue first, and directed defendant not to contest the contempt allegations during the bifurcated custody hearing. Thus, defendant did not have an opportunity to challenge the merits of the contempt applications until after the custody hearing concluded, and therefore he did not waive his contention that the contempt applications were jurisdictionally defective prior to that time (cf. Gregoire, 278 AD2d at 925). In other words, because the court did not consider the merits of the contempt applications until after the custody hearing concluded, defendant timely raised his jurisdictional objection to those applications based on Judiciary Law § 756 when he moved to dismiss them on that ground before the contempt hearing commenced.
We further conclude that the court erred in granting in part plaintiff's contempt applications because they were jurisdictionally defective under Judiciary Law § 756. Section 756 provides that a contempt "application shall contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend . . . : WARNING: YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT." It is well settled that the failure to include the notice or the warning language of Judiciary Law § 756 constitutes a jurisdictional defect, requiring the court to deny the application (see Community Preserv. Corp. v Northern Blvd. Prop., LLC, 139 AD3d 889, 890 [2d Dept 2016]; Matter of Devine, 126 AD2d 491, 495 [1st Dept 1987]; Barreca v Barreca, 77 AD2d 793, 793 [4th Dept 1980]). Because "contempt is a drastic remedy, . . . strict adherence to procedural requirements is mandated" (Matter of Roajas v Recant, 249 AD2d 95, 95 [1st Dept 1998]; see Matter of Loeber v Teresi, 256 AD2d 747, 749 [3d Dept 1998]).
Here, it is undisputed that plaintiff's initial and amended contempt applications did not include, verbatim, the required warning language of Judiciary Law § 756. Importantly, plaintiff's contempt applications omitted the language warning defendant that his "failure to appear in court may result in [his] immediate . . . imprisonment for contempt of court" (id.). Thus, because plaintiff's contempt applications failed to include the required warning language, they did not strictly comply with Judiciary Law § 756, rendering them jurisdictionally defective (see Community Preserv. Corp., 139 AD3d at 890; Barreca, 77 AD2d at 793).
Defendant's contention that the court deprived him of his right to due process by bifurcating the custody and contempt proceedings without making that determination on the record is unpreserved for our review (see generally Matter of Ashley L.C. [James L.C.], 68 AD3d 1742, 1743 [4th Dept 2009]; Matter of Longo v Wright, 19 AD3d 1078, 1079 [4th Dept 2005]) and, in any event, is without merit.
In light of our determination, defendant's remaining contentions are academic.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court