Caluori v Caluori (2025 NY Slip Op 01312)

Caluori v Caluori

2025 NY Slip Op 01312

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 365156/20|Appeal No. 3869|Case No. 2024-03735|

[*1]David Caluori, Plaintiff-Appellant-Respondent,
v
Maia Caluori, Defendant-Respondent-Appellant.

Mantel McDonough Riso, LLP, New York (Kevin McDonough of counsel), for appellant-respondent.
Krauss Shaknes Tallentire & Messeri LLP, New York (Heidi Tallentire of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about June 7, 2024, which, to the extent appealed from, denied plaintiff husband's cross-motion to terminate his obligation to pay $32,000 per month in tax-free interim spousal support and advances against equitable distribution to defendant wife, denied the husband's alternative request to renew the order, same court and Justice, entered February 16, 2024 and terminate the monthly payments based on new facts and circumstances, granted the wife's motion for an award of past and future attorneys' fees to the extent of directing the husband to pay $100,000 in past fees and $100,000 in prospective fees directly to the wife's attorneys, and denied the wife's request for $250,000 as an advance against her share of equitable distribution, unanimously modified, on the law, to the extent of reducing the award of past attorneys' fees to $23,683.82, and otherwise affirmed, without costs.
Supreme Court properly denied the husband's request for leave to renew based on new information — specifically, his declining financial circumstances and the referral of the case to the Special Referee — because he failed to provide a reasonable explanation for not presenting this evidence in the prior motion. Furthermore, he does not explain how this new information would have changed the court's prior determination (CPLR 2221[e]; see Anonymous v Anonymous, 123 AD3d 581, 584 [1st Dept 2014]).
In addition, two of the husband's contentions — that the wife has already received more than her entitlement to spousal support based on the length of the marriage and that she has already received more than her fair share of equitable distribution — were previously considered and rejected in the February 16, 2024 order, and the court properly deemed those assertions a request for a reargument. To the extent the husband seeks reversal of the June 7, 2024 order for denying his request to reargue certain parts of the court's February 16, 2024 order, the denial of that request is not appealable (see Owsley v Cordell-Reeh, 134 AD3d 520, 522 [1st Dept 2015]).
However, the court's February 16, 2024 order already accounted for the wife's attorneys' fees incurred both before September 2023 and between September 2023 and February 2024. Therefore, the wife's May 2024 motion impermissibly sought a second opportunity to recover legal fees incurred between September 2023 and February 2024, after the court had already rejected her claim to recover the full amount billed for that period. Accordingly, the June 7, 2024 order is modified to the extent of reducing the award of past legal fees from $100,000 to $23,683.82, which represents the actual legal fees incurred by the wife from March to May 2024.
With regard to the court's award of $100,000 for prospective interim legal fees, it is proper in view of the court's familiarity and knowledge of the parties' respective financial conditions, the impending financial trial[*2], and the fact that such fees are subject to documentation at the end of the litigation and possible recoupment (see Anonymous v Anonymous, 136 AD3d 506, 507-508 [1st Dept 2016]).
The court providently exercised its discretion in denying the wife's request for an additional $250,000 advance on equitable distribution (see Wechsler v Wechsler, 19 AD3d 157, 158 [1st Dept 2005]; Teich v Teich, 228 AD2d 253, 254 [1st Dept 1996]). The wife's request was based on a monthly shortfall of $8,000, which reflected the difference between her $40,000 in expenses and the $32,000 she received from the husband in interim spousal support and an advance against equitable distribution. In denying her request, the court highlighted that a significant portion of the wife's monthly expenses was allocated to a $14,000 Manhattan apartment, which she used when visiting the children in New York. However, the wife has since relinquished the lease on the apartment, freeing that additional $14,000 per month. Furthermore, the parties dispute both the size of the marital estate and the percentage of equitable distribution to which the wife would be entitled. Finally, a separate award of attorneys' fees was made without prejudice to the wife's further applications. Given these factors, the court's denial of the wife's request was proper.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025