Matter of C.G. v S.A. (2025 NY Slip Op 51261(U))

[*1]

Matter of C.G. v S.A.

2025 NY Slip Op 51261(U)

Decided on July 28, 2025

Family Court, New York County

Antoncic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 28, 2025
Family Court, New York County

In The Matter of an 
 Article 6 Custody/Visitation Proceeding C.G., Petitioner

against
S.A., Respondent

Index No. XXXXX

Attorney for the Petitioner - Elysa Anne Krasow Greenblatt, Esq., Attorneys for the Respondent - Ronnie M. Schindel, Esq. and Brad Louis Schoenfeldt, Esq., and Attorney for the Child - Marly Gonzalez, Esq. 

Lydia S. Antoncic, J.

On January 26, 2024, C.G. ("Petitioner") filed a custody modification petition regarding the subject child M.A. ("Child"). On March 20, 2025, Petitioner filed a family offense petition seeking an order of protection against S.A. ("Respondent"). On February 10, 2025, Respondent filed an order to show cause ("Motion 9") seeking, inter alia, a finding of contempt against Petitioner for failing to follow the court's directives regarding civility and professionalism,[FN1]
 an admonishment of Petitioner for "name calling, threats, and ad hominem attacks" against Respondent and his counsel, an order directing the Petitioner refrain from harassing and stalking Respondent and his counsel, and an order for Petitioner to pay $10,000 in sanctions to Respondent's counsel, among other relief. Referee Genna Teitelbaum issued a briefing schedule and transferred the contempt motion to Part 3. The Petitioner was subsequently found eligible for assigned counsel who filed an opposition on May 22, 2025.[FN2]
The attorney for the Child (AFC) did not submit a reply and the Respondent filed responsive papers on May 23, 2025. The parties appeared before this court on May 27, 2025, and an updated briefing schedule was issued; all counsel waived oral argument. Respondent filed supplemental reply papers on June 13, 2025.
Respondent seeks the following relief: a) a finding of contempt for Petitioner's willful failure to follow the court's oral directives on September 3 and December 10, 2024 regarding professionalism and civility; b) admonishing Petitioner for harassing conduct against Respondent and his counsel; c) ordering Petitioner to refrain from harassing conduct against Respondent and his counsel; d) ordering Petitioner to refrain from stalking Respondent and his counsel as well as their families; e) ordering Petitioner to cease contacting Respondent's employer or taking steps to cause economic harm to him; f) requiring Petitioner to pay $10,000 [*2]in sanctions as a result of harassment, to be stayed pending resolution of the custody decision; g) limiting Petitioner's email correspondence to one email per day; h) finding Petitioner in contempt for willfully violating the Court's June 15, 2024 temporary order of visitation by withholding the Child from two visits and threatening to cancel other visits; i) directing Petitioner to refrain from unilaterally imposing restrictions on Respondent's court ordered visits; and j) award any other relief the court deems just and proper. 
Petitioner's opposition to Motion 9 notes the "highly contentious, high conflict" nature of the proceedings and states that the case involves "a long pattern of domestic violence and severe parenting deficiencies on the part of the father." Petitioner states that during the time she was pro se, she faced "a constant barrage by a team of three lawyers" for Respondent. Petitioner denies the cyberstalking allegations and argues that materials attributed to her have been edited or mischaracterized. Petitioner argues that the request for a payment of $10,000 to Respondent's counsel is "more bullying" and should be denied. She contends that any interruptions of the Respondent's visits were based on "legitimate significant concerns," including those shared by the AFC after Respondent was removed from the Comprehensive Family Services ("CFS") office by police. She also argues that the Respondent regularly violates visitation provisions related to alcohol and smoking, persistently arrives late for exchanges, and has filed this contempt motion to "deflect from his (parenting) deficiencies." Petitioner notes that these concerns led her to request a forensic evaluation from Dr. Alan Ravitz.
In his May 22, 2025 reply, Respondent argues that Petitioner withholds the Child or threatens to cancel visits based on an "ever evolving list" of concerns and that "she will inevitably find more excuses to prevent parenting from occurring." Respondent alleges that Petitioner engaged in personal attacks including "name calling, obscene language, and threats" and that she "does not deny her objectively unreasonable behavior, nor does she show any contrition for it." Counsel for Respondent denies bullying or engaging in any "uncivil or unprofessional" communication with Petitioner and says such behavior was "uniquely one-sided." Respondent contends that Petitioner is not credible and that she engages in "conspiratorial thinking" when she makes "careless accusations" against CFS, the forensic evaluator, and the alcohol and drug testing firm. Respondent argues that Petitioner's attempt to place restrictions of Respondent's visitations "show[s] a willful disregard for the Court's authority" and alleges that her purported safety concerns are "pretextual." Respondent reiterates that his request for once daily email communication is not moot as Petitioner continues to communicate with counsel regarding the support matters.[FN3]
Finally, Respondent argues that sanctions are necessary to prevent Petitioner from continuing to "act malevolently and [to] flout court orders" and that any request for counter relief by Petitioner should be denied.[FN4]
Respondent filed a supplemental reply on June 13, 2025, arguing that the court should disregard Petitioner's [*3]May 22, 2025 reply [FN5]
as Petitioner previously filed opposition papers pro se; he argues that Petitioner's counsel was not responsive to his outreach prior to her May 22, 2025 filing. 
First, we consider Respondent's request to strike Petitioner's May 22, 2025 opposition submitted by her assigned counsel. While Respondent argues that he "should not have been forced to respond to two opposition filings," he also notes that the filing "is only three pages long and adds nothing new that warrants the Court's attention." Despite this, Petitioner filed a reply. Given that the briefing schedule was issued prior to assignment of Petitioner's counsel and that Respondent's counsel was given additional time to reply, the court will not strike Petitioner's May 22, 2025 opposition. The request is denied.
Next, we turn to Motion 9 itself, which fails to conform to the notice requirements of Judiciary Law §756 and therefore must be denied as facially insufficient.[FN6]
"Failure to strictly comply with these statutory safeguards renders the court without jurisdiction." A.H. v. Y.G., 72 Misc 3d 1225(A), 152 N.Y.S.3d 289 (NY Sup. Ct. 2021) [citing Community Preserv. Corp. v. N. Blvd. Prop., LLC, 139 AD3d 889, 890 (2nd Dep't 2016)]. However, even assuming, arguendo, that Motion 9 had complied with the statutory requirements, much of the relief requested does not appear to be supported by legal authority. As to prong A, Respondent fails to cite any statutory or other authority that would allow the court to make a contempt finding against a pro se litigant for failing to "comport herself with the same standards of professionalism and civility as an attorney." Respondent also cites no statutory authority under prong F which requests Petitioner "pay $10,000 in sanctions as a result of her harassment of Respondent's counsel." While Respondent failed to cite statutory authority, it should be noted that no such remedies are available under Judiciary Law §753, which allows for a finding of civil contempt for willful disobedience of a lawful order, nor under NYCRR §130-1.1, which allows for reimbursement of attorney fees resulting from specific frivolous conduct. While some of Respondent's remaining requests may be available to Respondent (though arguably not Respondent's counsel) under the Family Court Act, those matters are properly addressed in the ongoing litigation, separate and apart from any contempt finding. Likewise, the remedies sought under prong I address matters of custody and visitation that are being properly litigated before Referee Teitelbaum in the underlying case. This court also finds that prong G is moot, as Plaintiff is now represented by counsel. 
Accordingly, it is hereby:
ORDERED, that Motion 9 is therefore denied in its entirety for the reasons set forth herein; and it is further
ORDERED that any relief not specifically granted is otherwise denied.
Dated: July 28, 2025
Hon. Lydia S. Antoncic, J. F. C

Footnotes

Footnote 1:Citing oral directives of the court on September 3 and December 10, 2024.

Footnote 2:Petitioner also filed pro se opposition on March 17 and 21, 2025. Petitioner's counsel filed her opposition on May 22, 2025 which incorporated Petitioner's March 21 submission.

Footnote 3:Petitioner is self-represented on the child support matter.

Footnote 4:While Petitioner references "her own contempt motion" against Respondent in her opposition papers, it also makes clear that no such motion has been filed with the court.

Footnote 5:Cited with a date of May 23, 2025 in Respondent's papers.

Footnote 6:"The application shall contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or type written in a size equal to at least eight point bold type: WARNING: YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT." Judiciary Law §756.