Yong Hong Xie v Lan Chen (2026 NY Slip Op 01819)

Yong Hong Xie v Lan Chen

2026 NY Slip Op 01819

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-09361
 (Index No. 720003/19)

[*1]Yong Hong Xie, respondent, 
vLan Chen, et al., appellants, et al., defendant.

Tarter Krinsky & Drogin LLP, New York, NY (David N. Kleinmann, Deanna M. Wolf, and Joel Rosner of counsel), for appellants.
Hodgson Russ LLP, New York, NY (Matthew K. Parker and Joseph P. Goldberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants Lan Chen and Kun Yi Kay Zeng appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered August 30, 2023. The order denied those defendants' motion to vacate an order of the same court entered December 9, 2022, (1) directing those defendants to produce copies of all federal and state tax returns, including all schedules and riders, filed by or on behalf of those defendants for the tax years 2012 through the present on or before December 14, 2022, and (2) stating that if those defendants violated the order, the court would hold those defendants in contempt and impose sanctions upon those defendants and their counsel without further notice.
ORDERED that the order entered August 30, 2023, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Lan Chen and Kun Yi Kay Zeng which was to vacate so much of the order entered December 9, 2022, as stated that if those defendants violated the order, the Supreme Court would hold those defendants in contempt and impose sanctions upon those defendants and their counsel without further notice, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered August 30, 2023, is affirmed, without costs or disbursements.
The facts and procedural history of this case are more fully set forth in this Court's decision and order on a related appeal (see Yong Hong Xie v Lan Chen, ____ AD3d ____ [Docket No. 2022-08158; decided herewith]). In a so-ordered stipulation dated December 22, 2021, the defendants Lan Chen and Kun Yi Kay Zeng (hereinafter the defendants) agreed that on or before January 31, 2022, they would produce copies of, inter alia, the federal and state tax returns filed by or on behalf of the defendants for the tax years 2012 through the present. At a compliance conference held on November 30, 2022, the Supreme Court set a deadline of December 14, 2022, for the defendants to produce the tax returns. On December 1, 2022, in an email application, the plaintiff requested that the court issue an order directing the defendants to produce the tax returns on or before December 14, 2022, and providing that the defendants and their counsel would be held in contempt and sanctioned if they did not comply with the order. In an order entered December 9, 2022 (hereinafter the December 2022 order), the court directed the defendants to produce the tax [*2]returns on or before December 14, 2022. The December 2022 order also provided that if the defendants violated the December 2022 order, the court would hold the defendants in contempt and impose sanctions upon the defendants and their counsel without further notice.
In March 2023, the defendants moved to vacate the December 2022 order. In an order entered August 30, 2023, the Supreme Court denied the motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was to vacate so much of the December 2022 order as conditionally held the defendants in contempt. Pursuant to Judiciary Law § 756, a contempt application must be in writing, must be made upon at least 10 days' notice, and must contain on its face the statutory warning that "FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT" (id.; see Community Preserv. Corp. v Northern Blvd. Prop., LLC, 139 AD3d 889, 890). Here, among other things, the defendants were never provided with the warning required by Judiciary Law § 756 (see id.; Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc, 206 AD3d 605, 607; Community Preserv. Corp. v Northern Blvd. Prop., LLC, 139 AD3d at 890). Further, an order requiring the performance of an act may not include an additional clause stating that in default thereof, the party will be guilty of contempt of court (see Murrin v Murrin, 93 AD2d 858).
The Supreme Court also should have granted that branch of the defendants' motion which was to vacate so much of the December 2022 order as conditionally imposed sanctions upon the defendants and their counsel. "A court does not have the authority to impose a penalty or sanction absent enabling legislation or court rule authorizing the penalty or sanction" (Matter of Fernandez v Nigro, 178 AD3d 703, 704). Here, the court cited to no legislation or court rule to support the imposition of sanctions. To the extent that the court relied upon 22 NYCRR 130-1.1, it should not have done so. Among other reasons, the December 2022 order did not set forth the conduct on which the imposition of sanctions was based and the reason why the court found the conduct to be frivolous (see 22 NYCRR 130-1.2; Glen v Annunziata, 53 AD3d 565; Hamilton v Cordero, 10 AD3d 702).
However, contrary to the defendants' contentions, the Supreme Court properly denied that branch of the defendants' motion which was to vacate so much of the December 2022 order as directed the defendants to produce the tax returns on or before December 14, 2022 (see Yong Hong Xie v Lan Chen, ____ AD3d ____ [Docket No. 2022-08158; decided herewith]).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court