OPINION OF THE COURT
David T. Gibbons, J.
Motion to punish the defendant, Carl Winkler, for contempt of court for failure to answer a subpoena duces tecum is determined as follows:
Section 756 .of the Judiciary Law mandates, inter alia, that: "The application shall contain on its face a notice that the purpose of the hearing is to punish the accused for contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or type written in a size equal to at least eight point bold type:
*457 warning: your failure to appear in court may result IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR contempt of court.” (Emphasis added.)
The statute requires both an admonition, "that such punishment may consist of fine or imprisonment, or both, according to law together with” the printed warning as above set forth. (Emphasis added.)
The remedy of contempt of court involves the power of physical committment and is, therefore, strictly construed.
The applicable rule is stated in People ex rel. Clarke v Truesdell (79 NYS2d 413, 415-416) as follows: "It is a firmly entrenched principle that the power of the court to punish for contempt cannot be extended in the least degree beyond the limits which have been imposed by statute. Rutherford v. Holmes, 5 Hun 317, affirmed 66 N. Y. 368; People ex rel. Supreme Court v. Albertson, 242 App.Div. 450, 275 N.Y.S. 361; Fromme v. Gray, 14 Misc. 592, 36 N.Y.S. 1107, affirmed 148 N.Y. 695, 43 N.E. 215. Contempt proceedings are stricti juris. Goldie v. Goldie, 77 App.Div. 12, 14, 79 N.Y.S. 268, 269. Courts insist on strict and literal construction of contempt statutes and accord to the accused all rights, even the most technical rights, which it may afford. In re Berkon, 180 Misc. 659, 43 N.Y.S.2d 334, reserved on other grounds, 268 App.Div. 825, 49 N.Y.S.2d 551, affirmed 294 N. Y. 828, 62 N.E.2d 388.”
In view of the grave penalties which may be imposed upon a defendant in a proceeding to punish him for contempt of court, the clear legislative intent, under section 756 of the Judiciary Law (as amd and eff July 12, 1977), was to mandate a warning "notice” to the defendant (a) concerning the nature of the penalties which may be imposed upon him, and (b) concerning the consequences of his failure to appear and defend himself in the proceeding. And to insure that the defendant be immediately apprised of the nature of the proceeding and the penalties which may be imposed, the Legislature also mandated that the warning "notice” lie placed on the "face” of the application so that it will be immediately brought to the attention of the defendant.
The word "face” as used in the statute is to be given its usual dictionary meaning. It is defined in Webster’s Third New International Dictionary (p 811) as follows: "7: a front, upper, or outer surface or a surface presented to view or regarded as principal: as a: the front of anything having two or four sides — opposed to back”.
*458 Here, although the mandated notice that the punishment may consist of fine or imprisonment or both is set forth on the fourth page of the plaintiffs supporting affidavits, it is not placed on the face of the application where it would immediately come to the defendant’s attention as intended by the statute.
Accordingly, for the reasons hereinabove set forth, the papers herein, are jurisdictionally deficient and the motion is denied without prejudice to a renewal which shall comply with the statute.