■ WANITA MENTE, as Executrix of the Estate of ORLO MENTE, Deceased, et al., Respondents, v FLORENCE WENZEL et al., Appellants. [596 NYS2d 520] —Mahoney, J. Appeal from an order of the Supreme Court (Rose, J.), entered August 24, 1992 in Tioga County, which, *inter alia,* denied defendants' motion to hold plaintiff Wanita Mente in contempt.

The civil contempt proceeding at issue in this appeal arises from a longstanding real property dispute which has been before this Court on at least two prior occasions. In 1990, we modified Supreme Court's judgment and declared defendants Susan Wenzel and Dawn Wenzel to be the owners of the disputed parcel located in the Town of Barton, Tioga County (158 AD2d 775, *lv denied* 76 NY2d 701). Thereafter, defendants sought and were granted an order requiring plaintiffs to vacate and surrender the property. Plaintiffs appealed and in conjunction therewith obtained a stay in execution of the judgment pursuant to CPLR 5519 (a) (6) upon their filing of a $4,200 undertaking that they would "not commit or suffer to be committed any waste" on the property. Following our affirmance of the vacate and surrender order (178 AD2d 705), plaintiff Wanita Mente (hereinafter plaintiff) left the property.

In so doing, however, she apparently removed from the house the heating, plumbing and water systems, kitchen cabinets and other fixtures, and caused damage to the structure estimated at approximately $8,600. While defendants successfully obtained release of the $4,200 undertaking, they then made a motion pursuant to Judiciary Law § 753 to hold plaintiff, her attorney Raymond Schlather and son-in-law Terry Doane in civil contempt for willfully violating the express terms of the undertaking by causing waste to the property. Supreme Court dismissed the application as to Doane, a nonparty, for lack of personal jurisdiction and dismissed the motion as to plaintiff and Schlather as jurisdictionally invalid for the failure to include the statutorily required notice that "the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law" (Judiciary Law § 756). Defendants appeal.

We affirm. It is well established that the failure to include both the statutorily required notice and warning provisions (Judiciary Law § 756) on the face of the contempt motion is fatally defective and, when raised in a timely manner, warrants dismissal of the motion *(see, e.g., Matter of Rappaport,* 58 NY2d 725; *Bigman v Dime Sav. Bank,* 138 AD2d 438; *Murrin v Murrin,* 93 AD2d 858). Here, while the face sheet contains the required warning, it does not contain the notice nor is the notice contained anywhere in defendants' papers. Accordingly, plaintiffs, having timely raised objection to this deficiency, are entitled to the protections of Judiciary Law § 756 and to dismissal *(see, supra)*. Moreover, inasmuch as we agree with Supreme Court that the contempt motion substantively is meritless, we see no error in the court's denial of the motion on the merits instead of merely dismissing without prejudice *(cf., Stevens Plumbing Supply Co. v Bi-County Plumbing & Heating Co.,* 94 Misc 2d 456). Finally, we decline to sanction defendants in connection with their pursuit of this appeal.

Weiss, P. J., Mikoll, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, without costs.