■ In the Matter of BRIAN KEATOR, Respondent, v CYNTHIA KEATOR, Appellant. [622 NYS2d 338] —Yesawich Jr., J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered August 5, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in violation of a prior court order.

After a hearing, respondent was found to have willfully violated the terms of a court order, entered pursuant to stipulation on February 1, 1993, which unambiguously directed that she ensure that her children have no contact with an identified third party during visitation periods. Sentenced to 10 days in jail as a consequence of the willful violation, respondent appeals.

Respondent does not contend that Family Court erred in finding that she had violated the order, nor does she claim that the violation was unintentional. Rather, she suggests that because the order did not contain any warning that its violation could result in incarceration, principles of due process and fundamental fairness preclude the imposition of such a sanction. This argument is unavailing.

The statutory provisions governing the courts' contempt powers, and the associated case law, provide ample notice that the willful flouting of a court mandate can result in fines or incarceration (see, Family Ct Act § 156; Judiciary Law § 750 et seq.; see also, e.g., Department of Hous. Preservation & Dev. v Mill Riv. Realty, 169 AD2d 665, 670, affd 82 NY2d 794). It is sufficient if, as here, the charged party is shown to have been actually aware of, and disobeyed, a clear and unequivocal court directive (see, Matter of McCormick v Axelrod, 59 NY2d 574, 583); the directive itself need not explicitly warn of the risks of disobedience. While due process does require that a party charged with contempt be afforded a hearing and an opportunity to defend against the charges, that was provided here.

Moreover, by appearing and presenting a defense on the merits, without contesting the fact that the violation petition did not contain the notice and warning required by Judiciary

Law § 756, respondent waived her right to the protections afforded by that statute (see, Matter of Rappaport, 58 NY2d 725, 726).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.