■ STV GROUP, INC., et al., Respondents, v AMERICAN CONTINENTAL PROPERTIES, INC., et al., Defendants, and FREDERICK COHEN et al., Appellants. [639 NYS2d 56] —In an action, *inter alia,* to obtain the proceeds of an insurance policy, nonparties Frederick Cohen and Ross & Cohen, the attorneys for the defendants American Continental Properties, Inc. and Century Apartment Associates, appeal from an order of the Supreme Court, Kings County (Held, J.), entered May 20, 1994, which granted the plaintiffs' motion to hold them in civil and criminal contempt of court.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

A motion to punish an adverse party for a violation of a court order, where, as here, the violation was not committed in the presence of the court, cannot be the subject matter of a summary contempt proceeding.

Judiciary Law § 751 (1) provides that to punish such a violation as a criminal contempt, the "party charged must be notified of the accusation, and have a reasonable time to make a defense." Similarly, to punish such a violation as a civil contempt under Judiciary Law § 756, the return date of an application to punish for contempt shall be no less than 10 days or more than 30 days unless otherwise ordered by the court. In this case, the court directed that the application be heard on 3 1/2 hours notice. Such a short return period is nothing more than a transparent attempt to convert this proceeding to a summary contempt proceeding *(see,* Judiciary Law § 751 [1]; § 755).

In any event, even if the flawed procedure was curable, the Supreme Court's failure to grant a reasonable adjournment to the appellants so that they could obtain counsel was an arbitrary and capricious exercise of judicial discretion requiring, under the circumstances of this case, a denial of the motion and vacatur of the finding of contempt. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.