■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM W. JOHNSON, Appellant. [649 NYS2d 502] —Mikoll, J. P. Appeal from an order of the County Court of Tompkins County (Sherman, J.), entered September 15, 1995, which held defendant in criminal contempt of court.

Defendant was convicted of, *inter alia*, rape in the second degree and sodomy in the second degree. His sentence included a requirement that an order of protection prohibiting contact between defendant and the victim be entered. Such an order was entered on April 10, 1995. Thereafter, by order to show cause dated June 2, 1995, the People sought to hold defendant in contempt based on a letter allegedly written by defendant to the victim. A hearing was held at which the People presented, *inter alia*, the testimony of a handwriting expert who opined

that it was defendant who authored the letter in question. The People also offered a handwriting analysis report which concluded that defendant wrote the letter in issue. No expert evidence was offered by defendant. At the conclusion of the hearing, County Court found that defendant wrote the letter and was therefore guilty of contempt. The court ordered that defendant be sentenced to a 90-day jail term. Defendant appeals and this Court has stayed County Court's order pending our determination of the appeal.

We affirm. Defendant claims that the order to show cause was an "information" and that the People were, therefore, required under CPL article 100 to support their assertions by establishing through nonhearsay evidence every element of the offense charged. He contends that the affirmation in support of the order to show cause was jurisdictionally defective because it failed to, *inter alia*, show that defendant knew of the order of protection and because its allegations were based in part on hearsay. In rejecting this argument, we note that defendant was not charged under the Penal Law but under the Judiciary Law. The order to show cause complied in all respects with the provisions of Judiciary Law § 756. The show cause order set forth both the warning and notice of penalties required by that statute. The additional requirements set forth by defendant are not delineated under that statute.

Nor do we find principles of due process and fundamental fairness violated because of the alleged deficiencies in the affirmation in support of the order to show cause. All that is required is that a party charged with contempt be afforded a hearing and an opportunity to defend the charges, both of which were provided here (*see, Matter of Keator v Keator*, 211 AD2d 987; *see also*, Judiciary Law § 751 [1]). Moreover, by appearing and contesting the contempt charge, without contending that the violation petition did not contain sufficient notice, defendant waived his right to the protection afforded by Judiciary Law § 756 (*see, Matter of Keator v Keator, supra; see also, Matter of Rappaport*, 58 NY2d 725).

We also find that County Court did not err in concluding, based on the evidence before it, that defendant was guilty of violating the terms of the protective order. Defendant's remaining contentions have been considered and rejected as lacking in merit.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, and matter remitted to the County Court of Tompkins County for further proceedings pursuant to CPL 460.50 (5).