■ MICHAEL N. G., Appellant, v ELSA R., Respondent. [650 NYS2d 140] —Order, Family Court, New York County (Leah

Marks, J.), entered on or about August 25, 1995, which granted respondent's motion to seal the record, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for further proceedings in accordance herewith, and orders of the same court and Judge, the first entered August 25, 1995, which found petitioner in contempt, suspended visitation and granted a temporary order of protection, and the second, entered October 24, 1995, which modified the visitation terms set in the August 25, 1995 order, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the order vacated and the matter remanded for a hearing, before another Judge, regarding visitation, pending which hearing petitioner shall be allowed visitation with the child, during any vacation from school the child may have of more than four days' duration, with the parties to divide equally the costs of the child's transportation, and an order of the same court and Judge entered August 4, 1995, which, *inter alia*, granted respondent's motion to temporarily relocate, unanimously modified, on the law and the facts, insofar as to limit the duration of said relocation to July 30, 1997 or until further order of the court, and otherwise affirmed, without costs. Appeal from an order of the same court and Judge entered August 18, 1995, unanimously dismissed as moot, without costs.

The lengthy litigation history in this matter is documented in the determinations previously issued by this Court (*see, Michael N. G. v Elsa R.*, 185 AD2d 174, *lv denied* 81 NY2d 704; *Michael N. G. v Elsa R.*, 213 AD2d 195). The claims raised by the petitioner on his appeal from the August 18, 1995 order regarding the punitive nature of the bail set and his attendant incarceration has been rendered moot by his release (*Gucci v Gucci*, 213 AD2d 356, 357, *lv dismissed* 86 NY2d 778). However, issues as to the propriety of the contempt proceeding against petitioner which occurred on August 22, 1995, remain viable (*Matter of Bickwid v Deutsch*, 87 NY2d 862).

The minutes of the August 22, 1995 proceeding and the penalty imposed upon the petitioner demonstrate that the court sought to punish the petitioner for his violation of a court order, where the violation was not committed in the presence of the court (*see*, Judiciary Law § 753). Pursuant to Judiciary Law § 756, such application shall be noticed, heard and determined in accordance with the procedure for a motion on notice in an action in such court and, the return date shall be no less than ten and no more than thirty days before the time at which the application is noticed to be heard, unless

otherwise ordered by the court. It has been held that where the violation occurred out of the presence of the court, the proceeding cannot be converted, in effect by, *inter alia*, a failure of adequate notice, into a summary contempt proceeding (*STV Group v American Continental Props.*, 224 AD2d 680). Upon our review of the record, we find that the petitioner was not properly served with notice of the contempt proceeding in accordance with Judiciary Law § 756; therefore, the court lacked jurisdiction to punish him (*Matter of Dawn P.*, 180 AD2d 800). The conclusion would be the same even were we to find this to have been a criminal contempt proceeding (*Matter of Murray*, 98 AD2d 93, 98). In addition, we find that when petitioner was before the court, he was not given an opportunity to defend prior to the court's finding of contempt. Even though an evidentiary hearing is not necessary in a contempt proceeding where no factual dispute exists (*State of New York ex rel. H. K. [C. K.] v M. S.*, 210 AD2d 14, 15), petitioner herein was not even given an opportunity to file papers. The court's action amounted to summary punishment, which pursuant to Judiciary Law § 755, may be imposed only where the offense is committed in the presence of the court. Moreover, it was error for the hearing court to resort to the contempt statute as the Family Court Act contains a specific remedy (i.e., Family Ct Act § 652 [b] [ii]) with respect to visitation (Family Ct Act § 156; *Matter of Murray, supra*, at 97).

The remainder of the relief granted by the hearing court in the August 25, 1995 order appealed, consisting of the suspension of petitioner's visitation rights and issuance of a protective order, was clearly a function of the Family Court's improper contempt adjudication. Consequently, we remand the matter for a hearing before a different Judge regarding the visitation arrangements in this matter. Pending said hearing, petitioner should be allowed visitation as above indicated. In addition, we find that the hearing court improvidently exercised its discretion granting respondent's motion to seal the record, made by order to show cause, without affording the petitioner any opportunity to respond. Therefore, in accordance herewith, we remand the matter for consideration of that application after petitioner is given an opportunity to file a response.

In view of this Court's affirmance of the Family Court's August 19, 1994 order granting respondent's motion for temporary relocation (*see*, 213 AD2d 195, *supra)*, our initial determination requiring respondent to seek leave of the court for any relocation in excess of three months (*see*, 185 AD2d, *supra,*

at 177), and the fact that respondent did not at any time move for permission to permanently relocate, we find it was error for the hearing court to remove the July 30, 1997 date from its order entered August 4, 1995, and, pending hearing and further determination regarding visitation and the best interests of the child, we modify that order accordingly. Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.