■ In the Matter of Ross A. PRINZO, as Commissioner of the Albany County Department of Social Services, on Behalf of MARY D. CAMPBELL, Respondent, v KEVIN JENKINS, Appellant. [674 NYS2d 151] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered April 25, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt of court for failure to obey an order of child support.

In January 1997, petitioner commenced this proceeding on behalf of Mary D. Campbell, a recipient of public assistance, alleging that respondent violated a July 25, 1995 order of child support. The July 25, 1995 order found that respondent had willfully violated a July 23, 1992 order and directed that judgment be entered against him for child support arrears in the amount of $24,531.03. Subsequent to the entry of the July 25, 1995 order, respondent was found to be in contempt of court by order dated February 23, 1996 and was sentenced to a term of 180 days in the jail. The sentence, however, was suspended so long as respondent complied with certain conditions. When respondent failed to do so, petitioner brought the instant proceeding. Following a hearing, Family Court, *inter alia*, held respondent in contempt of court and sentenced him to 180 days in jail. Respondent appeals contending that Family Court committed reversible error in finding him to be in contempt based upon his alleged violation of the February 23, 1996 order when the petition only alleged a violation of the July 25, 1995 order.

Initially, we note that respondent has preserved this objection by raising it at the hearing before Family Court (*compare, People v Johnson*, 232 AD2d 914, 915, *lv denied* 89 NY2d 924; *Matter of Keator v Keator*, 211 AD2d 987, 987-988). Due process requires that the party against whom contempt charges are brought be accorded reasonable notice of the charges sufficient to allow him or her to prepare a defense (*see generally, Matter of Block v Ambach*, 73 NY2d 323, 332; *see also, Matter of Commissioner of Social Servs. [Rynkowski] v Pronti*, 227 AD2d 705, 706). In this case, the petition alleges that respondent failed to pay child support arrearages under the July 25, 1995 order and does not make any reference whatsoever to the February 23, 1996 order. Therefore, based upon our review of the record, we must find that respondent was not afforded reasonable notice of the charge that he violated the terms of the February 23, 1996 order. This finding is without prejudice to petitioner commencing a new proceeding affording respondent reasonable notice of this charge.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and petition dismissed.