In the Matter of CARMELLA RESTIVO, Respondent, v FLORIN CINCU, Appellant. [782 NYS2d 867]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Bogacz, J.), dated May 20, 2003, which, inter alia, confirmed a determination of the same court (Gartner, H. E.) also dated May 20, 2003, finding that he had willfully failed to pay child support and fixed arrears at $6,879, and (2) an order of commitment of the same court also dated May 20, 2003, which committed him to the custody of the New York City Department of Corrections for a period of six months, with his release conditioned upon his payment of $5,000.

Ordered that the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Corrections is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order which, inter alia, found that the father willfully failed to pay child support and fixed arrears at $6,879 is affirmed, without costs or disbursements.

By contesting the mother's contempt petition on the merits without objecting that it did not comply with the notice and warning requirements of Judiciary Law § 756, the father waived any objections to the validity of the contempt petition based upon those requirements (*see Matter of Rappaport*, 58 NY2d 725, 726 [1982]; *Weinreich v Weinreich*, 184 AD2d 505 [1992]).

The proof before the hearing examiner of the father's failure to pay court-ordered child support constituted prima facie evidence of a willful violation of the support order (*see* Family Ct Act § 454 [3] [a]). The burden then shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see Matter of Powers v Powers,* 86 NY2d 63, 69-70 [1995]; Family Ct Act § 455 [5]). The father, however, did not sustain his burden of rebutting the prima facie evidence of willfulness by showing sufficient proof of his inability to pay. Although he testified that he had been unemployed since 1994, he also testified that he was able to pay a substantial portion of his personal expenses during that time, but did not attempt to make even one regular child support payment (*see Matter of Modica v Thompson,* 258 AD2d 653, 654 [1999]). Thus, the Family Court properly found the father in willful violation of the support order, and committed him to the custody of the New York City Department of Corrections for a period of six months, with his release conditioned upon his payment of $5,000.

The father's remaining contentions are without merit. S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.