■ In the Matter of ROBERTO M., Appellant, v MELANIE D-B., Respondent. [824 NYS2d 626]—

Orders, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered October 21, 2005, which dismissed the petition for visitation due to contempt of court, and ordered petitioner to stay away from his daughter for one year, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the petition reinstated, the order of protection vacated, and the matter remanded for a hearing and proceedings before a different judge.

This is a lengthy and convoluted custody and visitation proceeding. The relevant orders concern visitation between petitioner father and the child.

On April 6, 2005, the court issued a temporary order of visitation for petitioner, to be in effect until June 23 of that year, providing, inter alia, that the "father is not permitted to give paternal grandmother . . . access to the child." On June 23, the court signed an "All Purpose Short Order," drafted by counsel, setting forth an expanded, unsupervised visitation schedule as agreed to and discussed by the parties in open court. Significantly, this order contained no prohibition on contacts with the paternal grandmother.

On August 26, 2005, the Law Guardian sought an order changing petitioner's visitation from unsupervised to supervised, alleging that petitioner had permitted contact between the child and the paternal grandmother, and had told the child to lie about it. The Law Guardian's application did not seek to punish petitioner for contempt of court.

The court advised the parties that it would make a determination as to whether petitioner had willfully violated a court order after the parties called witnesses to testify, subject to cross-examination, at a hearing to be scheduled. However, on the next court date, the court determined, without a hearing, that petitioner was in contempt of court, and on that basis dismissed his visitation petition and issued an order of protection prohibiting contact between him and his daughter.

The record demonstrates that the court sought to punish petitioner for a claimed violation of a court order where the violation was not committed in the presence of the court (cf. Judiciary Law § 755). Procedurally, such application shall be "com-

menced by notice of motion returnable before the court or judge authorized to punish for the offense, or by an order of such court or judge requiring the accused to show cause before it . . . at a time and place therein specified, why the accused should not be punished for the alleged offense" (Judiciary Law § 756). The statute further mandates the type of notice to be given and requires the return date to be no less than 10 and no more than 30 days before the time at which the application is to be heard.

On this record, it is clear that petitioner was not served with notice of any contempt proceedings as required by statute. As a result, the court lacked jurisdiction over him for this purpose (*Michael N.G. v Elsa R.*, 233 AD2d 264, 266 [1996]).

The resulting order dismissing petitioner's visitation application, as well as the sua sponte issuance of an order of protection prohibiting contact between petitioner and his daughter, clearly flowed from the court's improper contempt adjudication, and thus cannot stand.

The hearing on remand should be before a different judge to determine whether visitation with petitioner is in the best interests of the child, and if so, under what conditions. Concur— Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.