Dalton v Dalton (2018 NY Slip Op 06078)





Dalton v Dalton


2018 NY Slip Op 06078


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-04108
 (Index No. 218/15)

[*1]Nanette Dalton, respondent, 
v
Jack B. Dalton, appellant.


Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Jon Holden Adams of counsel), for appellant.
Nanette Dalton, Rhinebeck, NY, respondent pro se (no brief filed).



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated March 8, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt for his failure to comply with certain provisions of the parties' judgment of divorce.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was to hold the defendant in civil contempt is denied.
In this matrimonial action, a nonjury trial was held on the issues of equitable distribution of the marital property. The Supreme Court issued a decision on the record, a subsequent order after trial dated December 5, 2016, and a judgment of divorce, also dated December 5, 2016, all of which, inter alia, directed that the marital residence be sold to the bidder with the highest "As-Is" cash offer, with no contingencies or conditions, made by 5:00 p.m. on November 28, 2016, and that the parties cooperate in the sale.
The plaintiff moved by order to show cause to enforce certain provisions of the judgment of divorce and the December 5, 2016, order. She also sought to hold the defendant in civil contempt for his alleged failure to comply with the judgment of divorce. In an order dated March 8, 2017, the Supreme Court granted the plaintiff's motion and directed certain relief relating to the enforcement branch of her motion. As to that branch of the plaintiff's motion which was to hold the defendant in civil contempt, the court found the defendant to be in civil contempt for failing to cooperate in the sale of the marital residence as directed by the judgment of divorce, but it did not impose any punishment related thereto. The defendant appeals from so much of the order as found him in civil contempt.
The defendant contends that the Supreme Court was without authority to adjudicate him in contempt because the plaintiff's order to show cause failed to include the notice and warning requirements of Judiciary Law § 756. By contesting the contempt application on the merits without raising this objection, the defendant waived any objections to the validity of the application based upon those requirements (see Matter of Rappaport, 58 NY2d 725, 726; Matter of Cunha v Urias, [*2]101 AD3d 996; Matter of Laland v Edmond, 13 AD3d 451; Matter of Restivo v Cincu, 11 AD3d 621).
In order to adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of McCormick v Axelrod, 59 NY2d 574, 583, amended 60 NY2d 652; Spencer v Spencer, 159 AD3d 174, 177; see also Judiciary Law § 753[A][1]). The party seeking a finding of civil contempt must prove these elements by clear and convincing evidence (see El-Dehdan v El-Dehdan, 26 NY3d at 29; Spencer v Spencer, 159 AD3d at 177).
Here, the plaintiff failed to establish by clear and convincing evidence that the defendant violated a clear and unequivocal order of the court. Significantly, while the plaintiff averred generally that the defendant had been "silent" in the sale negotiations and had not responded to certain unspecified requests by a real estate broker, she did not provide evidence that the defendant had not cooperated in an attempt to sell the property in the manner prescribed by the judgment of divorce. Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt (cf. Bennet v Liberty Lines Tr., Inc., 106 AD3d 1038, 1040).
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court