Matter of Daniel A. v Jessica B. (2019 NY Slip Op 07652)





Matter of Daniel A. v Jessica B.


2019 NY Slip Op 07652


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

526498

[*1]In the Matter of Daniel A., Appellant,
v
Jessica B., Respondent.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Norbert A. Higgins, Binghamton, for appellant.



Devine, J.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered February 18, 2018, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2008). Pursuant to a 2015 order, the mother was required to keep the father, who is incarcerated, informed of any emergencies pertaining to the child. The father commenced this proceeding to modify the 2015 order and require the mother to write him a letter once a month informing him how the child was doing. After an appearance before Family Court, the mother was directed to provide the father with a letter or phone call once a month to update him as to the welfare of the child. The father appeals.
The appeal must be dismissed. The father recognizes, and the record reflects, that he received the relief that he requested in his petition. Moreover, Family Court had no authority to act on the father's oral request that the mother be sanctioned for her perceived failure to comply with the 2015 order, as he did not assert that request in a properly noticed petition (see Family Ct Act § 156; Matter of Roberto M. v Melanie D-B., 34 AD3d 284, 285-286 [2006]; Matter of Dawn P., 180 AD2d 800, 800 [1992]). Under these circumstances, the father is not an aggrieved party entitled to appeal (see CPLR 5511; Family Ct Act § 1118; Matter of Jennie EE., 210 AD2d 744, 745 [1994]).
Egan Jr., J.P., Lynch and Mulvey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.