**Feifei Gu v Uber Tech. Inc.**

2025 NY Slip Op 31733(U)

May 13, 2025

Supreme Court, New York County

Docket Number: Index No. 100269/2023

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DEBRA A. JAMES**                              PART     59

*Justice*

--------------------------------------------------------------------X

FEIFEI GU,

                         Plaintiff,

                  - v -

UBER TECHNOLOGIES INC.,

                        Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 100269/2023 |
| MOTION DATE | 04/24/2025 |
| MOTION SEQ. NO. | 004 |

**ORDER - AMENDED (MOTION RELATED)**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 62, 63, 64, 65 were read on this motion to/for                    JUDGMENT - DEFAULT                    .

Upon the foregoing documents, it is

ORDERED that the Order of May 13, 2025 (NYSCEF Doc No 65), resolving motion sequence number 004 in this action, is VACATED, RESETTLED, AND CORRECTED, nunc pro tunc, pursuant to CPLR § 5019(a) [see Kiker v Nassau County, 85 NY2d 879 (1995)] as follows:

### ORDER

Upon the foregoing documents, it is

ORDERED that the motion, pursuant to Judiciary Law § 756 and CPLR § 3126(3), of plaintiff to hold defendant in contempt and for a default judgment is denied; and it is further

ORDERED that, upon exhaustion of any deadlines set forth in any discovery conference order, plaintiff pro se has leave to move by show cause order (OSC) for contempt, in which OSC the

**100269/2023   GU, FEIFEI vs. UBER TECHNOLOGIES INC.**                              **Page 1 of 4**
  **Motion No.  004**

[* 1]

1 of 4

court shall set the requisite dates for service and a hearing, as required by Judiciary Law § 756; and it is further

ORDERED any such OSC must seek a contempt order, in addition to naming the corporate defendant, as alleged contemnor, must name an officer or agent of the corporate defendant, who acts for such corporate defendant, and upon whom the signed show cause order and supporting papers must be served personally by a process server or any other person plaintiff chooses, as plaintiff may not serve process herself; and it is further

ORDERED that the motion of plaintiff for a default judgment is denied as neither party has submitted a proposed compliance discovery conference stipulation, to be so-ordered, as directed by the Preliminary Conference Order dated April 18, 2024 (NYSCEF Doc No 33); and it is further

ORDERED that, except as exhibits to motions or for demands for bills of particulars and responses thereto (as latter constitute an amplification of the pleadings), counsel and pro se plaintiff shall refrain from posting on NYSCEF any discovery demands or responses thereto, as same unnecessarily and improperly clutter the docket, and should be exchanged among the parties only, see In Re Westchester Rockland Newspapers, Inc., 66 AD2d 335, 338 (2nd Dept 1979); and it is further

**100269/2023   GU, FEIFEI vs. UBER TECHNOLOGIES INC.**                    **Page 2 of 4**
  **Motion No.  004**

2 of 4

[* 2]

ORDERED that pro se plaintiff and defense counsel shall post on NYSCEF a proposed discovery compliance order or dueling proposed discovery compliance conference orders (i.e. each party shall complete and upload the fillable form provided by the court on NYSCER) at least **two days** before June 26, 2025, on which date pro se plaintiff and defense counsel shall appear in courtroom 331 of New York State Supreme Court, 60 Centre Street, New York, New York for a discovery compliance conference.

## DECISION

In her notice of motion, plaintiff pro se sets the date of the hearing for her application to hold the corporate defendant in contempt at more than thirty days after she served electronically upon defendant such notice of motion on March 19, 2025, in contravention of Judiciary Law § 756. As plaintiff has not served defendant in accordance with Judiciary Law § 756, this court has no jurisdiction to hold such defendant in contempt. See Michael N.G. v Elsa R., 233 AD2d 264, 266 (1st Dept 1996).

Should plaintiff pro se seek to renew her application for an order of contempt in the future, such application must be by order to show cause, which show cause order shall name in addition to the corporate defendant, as alleged contemnor, the individual officer(s) or agent(s) who allegedly, acted on behalf of the corporate defendant, in disobeying a clear mandate of the

**100269/2023  GU, FEIFEI vs. UBER TECHNOLOGIES INC.**
**Motion No. 004**

**Page 3 of 4**

[* 3]

court.  In such instance, plaintiff shall serve such officer(s) or agent(s) personally by causing a process server or other person she designates to serve such papers personally upon such individual, in accordance with Judiciary Law § 761 and CPLR 308. See Long Is Trust Co v Rosenberg, 82 AD2d 591 (2d Dept 1981). Under no circumstances, shall plaintiff seek such extraordinary contempt relief unless all deadlines set forth in any discovery conference orders have been exhausted.

20250513174435DJAMESD974646ADBCB4B10BE85F1DD7022D70E

| 5/13/2025 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **DEBRA A. JAMES, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**100269/2023   GU, FEIFEI vs. UBER TECHNOLOGIES INC.**
**Motion No.  004**

**Page 4 of 4**

4 of 4

[* 4]