A.S. v S.O. (2026 NY Slip Op 50371(U))

[*1]

A.S. v S.O.

2026 NY Slip Op 50371(U)

Decided on March 16, 2026

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 16, 2026
Supreme Court, Westchester County

A.S., Plaintiff,

againstS.O., Defendant.

Index No, XXXXX

Plaintiff: [Redacted]Defendant: [Redacted]Attorney for the Child: [Redacted]

James L. Hyer, J.

The following documents were considered in connection with the notice of motion of the Plaintiff, dated January 12, 2026, (hereinafter "Motion Sequence No. 1"), seeking the entry of an Order granting the following relief:
1. Modifying the Judgment of Divorce, dated December 23, 2020, which incorporates but does not merge the Stipulation of Settlement, dated October 22, 2020 and modifying the Stipulation of Settlement, dated October 22, 2020, by modifying the Defendant's basic child support obligation of twenty-five dollars ($25.00) per month upwardly due to (1) a substantial change in circumstances; (2) the fact that said monthly amount is against public policy; and (3) that it would be in the best interests of the Child;2. Modifying the Judgment of Divorce, dated December 23, 2020, which incorporates but does not merge the Stipulation of Settlement, dated October 22, 2020 and modifying the Stipulation of Settlement, dated October 22, 2020, by having the Plaintiff contribute his pro rata share towards the all of the Child's statutory and non-statutory expenses; private school expenses; extracurricular activities; and any such other expenses;3. That the Defendant serve upon Plaintiff's counsel and the Court within ten (10) days of the signing of this Order to Show Cause a Statement of Net Worth with all the applicable attachments;4. That the Defendant be required to pay fifteen thousand dollars ($15,000.00) in interim counsel fees pursuant to the Domestic Relations Law sections 237, 238, and any other applicable laws;5. That an order of temporary child support be entered pursuant to the child support Standards Act;6. That all payments of Child Support be through the Support Collection Unit;7. Granting a hearing on all issues concerning child support if necessary; and8. For such other and further relief as this court may deem just and proper in the within circumstances;And in connection with the notice of motion of the Defendant, dated February 6, 2026, (hereinafter "Motion Sequence No. 2"), seeking the entry of an Order granting the following relief:1. Pursuant to Judiciary Law § 753(A)(3) and § 750(A) finding Plaintiff-Mother, A.S., in civil contempt for violating parties' so-ordered stipulation of settlement as well as judgment of divorce and imposing appropriate penalty which this court may deem just and proper;2. Suspending and terminating Defendant-Father's child support obligations resulting from Plaintiff-Mother's parental alienation and interference;3. Granting the Defendant-Father, sole legal and physical custody of the subject child, E.O.;4. Directing Plaintiff-Mother, A.S., to produce parties' child, to wit, E.O., for immediate visits with Defendant-Father, to wit, S.O.;5. Directing an updated forensic evaluation of the parties and subject child;6. Awarding Defendant-Father, S.O., attorneys' fees incurred as a result of this application, as well as prior litigation incurred as a result of Plaintiff-Mother's violations of the parties' judgment of divorce and subsequent litigation;7. Denying the relief requested in Plaintiff's order to show cause, in its entirety;8. Granting Defendant-Father, S.O., such other and further relief as this court may deem just and proper.
PAPERS          
DOC. NO.Order to Show Cause/Affirmation/Affirmation/Exhibits A-G 1-10Notice of Cross Motion/Affidavit/Affirmation [FN1]
/Exhibits A-B 11-15Affirmation/Affirmation/Exbibits A-G 16-24Affirmation [FN2]
25Relevant Factual and Procedural BackgroundOn December 19, 2017, the parties married in the State of New York, and thereafter had one child of the marriage being E.O. (D.O.B.: [Redacted]) (hereinafter "Child").
In September 2018, this matrimonial action was commenced in Supreme Court, Kings [*2]County,[FN3]
after which on October 22, 2020, the parties' entered into a stipulation of settlement resolving all of the issues arising out of the requested dissolution of the parties' marriage (hereinafter "Stipulation of Settlement").[FN4]

On April 9, 2021, an amended judgment of divorce was entered by the Hon. Eric I. Prus, J.S.C. (hereinafter "Judgment of Divorce"),[FN5]
which incorporated by reference, but did not merge, the terms of the Stipulation of Settlement.
On October 5, 2025, after the parties had engaged in significant post-judgment litigation, an order transferring this action to Westchester Supreme Court was entered by the Hon. Eric I. Prus, J.S.C., on the basis that the Child resided in Westchester County.[FN6]

On October 7, 2025, the Westchester Supreme Court Clerk issued a court notice directing that the parties file a new request for judicial intervention in Supreme Court, Westchester County, in order to have a justice assigned,[FN7]
which Defendant's counsel filed that day,[FN8]
after which the undersigned was assigned to preside over this action.
On December 15, 2025, an order [FN9]
was entered directing a status conference to be held on December 18, 2025.
On December 18, 2025, a conference was held after which an order [FN10]
was entered providing the following:
"On December 18, 2025, a conference was held wherein appearances were made by Defendant, Defendant's counsel and Plaintiff as a self-represented litigant. Following Plaintiff being advised of her right to be represented by counsel, retained or Court appointed, Plaintiff declined to request the appointment of counsel and indicated she would be retaining counsel. The Court then marked as court Exhibits and presented to each of the parties the following documents: (1) self-represented litigant information sheet; and (2) Part Rules of the Hon. James L. Hyer, J.S.C. The Court confirmed that this matter involves the custody of the parties' minor child, that no attorney for the child had been appointed, and that neither party had any conflicts that would prevent John Gutridge, Esq., from being appointed as attorney for the child. Mr. Guttridge then appeared, accepted the appointment. As neither Plaintiff or Defendant's counsel was able to clearly articulate the current procedural status of this case, the Court directed a conference to be held tomorrow to ascertain that information and determine how to proceed.It is hereby ORDERED that:1. A separate order of appointment of attorney for the child shall be entered appointing [*3][Redacted], Esq., as attorney for the parties' minor child, with the costs to be allocated 50% by each party, subject to reallocation at hearing, with an hourly fee of $450.00 and initial retainer of $10,000.00 which should be received by electronic payment by December 23, 2025.2. By end of day today, Plaintiff and Defendant's counsel shall file an affirmation with the Court providing the procedural posture of this cause, including, but not limited to, the following:a. List of outstanding motions, indicating for each motion: (l) motion sequence number; (2) prongs of relief requested; (3) any resolutions on any prongs of relief requested with copies of such stipulations; (4) if the motion is fully submitted or, if a briefing schedule is needed; and (5) if by order or decision the relief sought was referred to hearing with copies of any orders or decisions. b. List of outstanding non-motion applications or issues.3. Defendant's counsel shall order a copy of the Court transcript, pay the cost of same and submit to be so-ordered by January 19, 2026.4. Unless modified herein, all prior Decisions and Orders entered in this action shall remain in effect."On December 18, 2025, an order was entered reflecting the appointment of [Redacted], Esq., as counsel for the Child,[FN11]
and a notice of appearance was filed by Plaintiff's incoming counsel.[FN12]

On December 19, 2025, Defendant's counsel filed an affirmation [FN13]
outlining the procedural history including outstanding motions before the Court prior to the transfer of this action to this venue.
On January 12, 2026, Motion Sequence No. 1,[FN14]
was filed seeking the above-referenced relief, which on January 13, 2026 was conformed,[FN15]
directing the manner within which service would be effectuated and setting the return date for January 15, 2026, at 3:00 p.m., wherein all parties and counsel were directed to appear for oral argument after which a briefing schedule would be set if needed.
On January 15, 2026, a conference was held after which an order [FN16]
was entered providing the following:
"On January 15, 2026, a status conference was held before the undersigned wherein all parties and counsel appeared, along with the attorney for the child, wherein a settlement was placed upon the record by and between the parties, that all prior motions pending in this matter, to the extent they were not previously resolved, are hereby withdrawn, except for the recent motion by order to show cause filed by Plaintiff (hereinafter Motion Sequence No. 1), which will be subject to a briefing schedule as set forth herein-below. [*4]Thereafter, the parties requested the Court engage in a settlement conference whereafter no settlement of the post-judgment issues in this matter was reached.It is hereby ORDERED that:l. All pending motions in this matter are hereby withdrawn on consent, except for Motion Sequence No. l, which is subject to the following briefing schedule: a. January 30, 2026, being the deadline to file any answering submissions and/or any cross-motions to Motion Sequence No. 1; and, b. February 13, 2026, being the deadline to file any answering submissions to any cross-motions filed, with no reply submissions being accepted, also being the return date of Motion Sequence No. 1, with no appearances required.2. The requirement to submit pre-motion conference requests prior to filing a motion is hereby waived in this matter.3. Plaintiff and Defendant shall order a copy of the Court transcript, split the cost of same equally, and submit to the Court to be so-ordered by February 15, 2026.4. Unless otherwise modified herein, all prior judgements, decisions and orders entered in this action shall remain in effect."On January 27, 2026, Defendant's counsel requested by letter, an extension of the briefing schedule,[FN17]
which was granted by order [FN18]
entered that day permitting: (1) February 6, 2026, to serve as the deadline to file answering submissions and/or cross motions; and (2) February 27, 2026, to serve as the deadline to file answering submissions to any cross motions filed.
On February 6, 2026, Motion Sequence No. 2 was filed [FN19]
seeking the above-referenced relief.
On February 27, 2026, answering submissions to Motion Sequence No. 2 were filed by Plaintiff's counsel (hereinafter collectively "Plaintiff's Answering Submissions"),[FN20]
which included an affirmation of Plaintiff's counsel [FN21]
which set forth only the following opposition to the Defendant's request that this Court hold Plaintiff in contempt:
"I submit this Affirmation in opposition to Defendant's Cross Motion seeking civil and criminal contempt, suspension of child support, sole custody of the parties' child, immediate production of the child, an updated forensic evaluation, and attorneys' fees. Defendant's application is styled as contempt but is, in substance, an attempt to relitigate custody issues already negotiated, adjudicated, and clinically evaluated. As the Defendant correctly notes, contempt requires proof that "a lawful order of the court clearly expressing an unequivocal mandate was in effect." See Gerelli Ins. Agency, Inc. v. Gerelli, 23 AD3d 341 92d Dept. 2005). The mandate must be clear, specific, and unambiguous so that the party charged can readily ascertain what conduct is required. Where an order lacks fixed dates, defined times, or mechanical enforcement provisions, contempt cannot lie. The Judgment of Divorce incorporates the Stipulation, which [*5]provides access "as otherwise agreed and subject to the child's wishes." There are no fixed days. There are no fixed times. There is no enforcement protocol. Defendant identifies no specific court-ordered visitation date that Plaintiff violated because none exists. An order that requires agreement between the parties and is conditioned upon a child's wishes cannot form the basis for contempt. The absence of an unequivocal mandate is fatal to the application as a matter of law and requires dismissal without a hearing.

 * * *
WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Cross Motion in its entirety, together with such other and further relief as the Court deems just and proper."Plaintiff's Answering Submissions further included an affidavit of Plaintiff, which included the following assertions regarding the application made by Defendant to hold her in contempt:
"XIII. COMPLIANCE WITH COURT ORDERS74. I have complied with every court order in this matter.75. I have cooperated fully with all court-appointed professionals and therapists.76. I have acted consistently in our son's best interests.
XV. CONCLUSION77. Defendant's cross-motion misrepresents the factual history and omits critical evidence.78. The child's reactions, police documentation, professional reports, and Defendant's own statements present a consistent and accurate account of events.79. I respectfully request that Defendant's cross-motion be denied in its entirety and that the Court grant such other and further relief as it deems appropriate."On March 3, 2026, an answering submission to Motion Sequence No. 2 was filed by the attorney for the Child.[FN22]

No further submissions were received pertaining to Motion Sequence Nos. 1 and 2.

 Legal Analysis
A. Lack of Compliance With CPLR § 2106.Pursuant to New York Civil Practice Law and Rules (hereinafter "CPLR") § 2106, the statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form:
"I affirm this ____ day of ____, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.(Signature)" (CPLR § 2106)."
An affirmation which fails to comport with the requirements of CPLR § 2106, shall be inadmissible and must be disregarded by the Court (see Great Lakes Insurance SE v. American Steamship Owners Mutual Protection and Indemnity Association Inc., 228 AD3d 429 [1st Dept 2024]).
Here, the affirmation [FN23]
submitted by Defendant's counsel (hereinafter "Affirmation of Defendant's Counsel") includes the following:
"[Redacted], Esq., an attorney duly licensed to practice law in the Courts of the State of New York, affirms the following under the penalty of perjury, except for those matters stated to be upon information and belief, and those matters believes them to be true in conformance with Signature Rule § 130-1.1-a."Further, the affirmation submitted by the attorney for the child (hereinafter "AFC Affirmation") includes the following:
[Redacted], Esq., being duly admitted to practice law in the State of New York, hereby affirms, under penalty of perjury pursuant to the CPLR, the following:"Here, the Affirmation of Defendant's Counsel and AFC Affirmation both fail to include the language required by statute and must be disregarded. Therefore, neither were taken into consideration by this Court when making the determinations set forth herein.
B. Judiciary Law § 756 Compliance.New York State Judiciary Law (hereinafter "NYJUD") § 756 sets forth the manner within which an application to punish for contempt shall be made, including the required notice to be provided to the responding party [emphasis added]:
"The application shall contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or type written in a size equal to at least eight point bold type:WARNING:YOUR FAILURE TO APPEARIN COURT MAY RESULT INYOUR IMMEDIATE ARRESTAND IMPRISONMENT FORCONTEMPT OF COURT."Motions seeking either civil or criminal contempt must provide the notice required by NYJUD § 756 (see Michael N.G. v. Elsa R., 233 AD2d 264 [1st Dept 1996] ["Upon our review of the record, we find that the petitioner was not properly served with notice of the contempt proceeding in accordance with Judiciary Law § 756; therefore, the court lacked jurisdiction to punish him (Matter of Dawn P., 180 AD2d 800, 580 N.Y.S.2d 436). The conclusion would be the same even were we to find this to have been a criminal contempt proceeding (Matter of Murray, 98 AD2d 93, 98, 469 N.Y.S.2d 747)"]).
The required NYJUD § 756 prohibits applications for contempt being made orally (see Xand Corp. v. Reliable Systems Alternatives Corp., 35 AD3d 849 [2d Dept 2006] [After referencing NYJUD § 756 the Court held, "[s]ince the defendant's oral application failed to comply with any of these procedural safeguards, the Supreme Court erred when it punished the plaintiff for contempt for failing to comply with its prior order (internal citations omitted)]"). When in writing, such applications for contempt may be made by notice of motion or by order to show cause (see People v. Johnson, 232 AD2d 914 [2d Dept 1996]).
When applications for contempt are made in writing, the required notice must be included on the "face" of either the notice of motion or order to show cause as artfully set forth in the following trial court decision:
"The remedy of contempt of court involves the power of physical commitment and is, therefore, strictly construed. The applicable rule is stated in People ex rel. Clarke v. Truesdell, Sup., 79 N.Y.S.2d 413, at p. 415, as follows:'It is a firmly entrenched principle that the power of the court to punish for contempt cannot be extended in the least degree beyond the limits which have been imposed by statute. Contempt proceedings are stricti juris. Courts insist on strict and literal construction of contempt statutes and accord to the accused all rights, even the most technical rights, which it may afford. [internal citations omitted]'In view of the grave penalties which may be imposed upon a defendant in a proceeding to punish him for contempt of court, the clear legislative intent, under Section 756 of the Judiciary Law (as amended and effective July 12, 1977), was to mandate a warning 'notice' to the defendant (a) concerning the nature of the penalties which may be imposed upon him, and (b) concerning the consequences of his failure to appear and defend himself in the proceeding. And to insure that the defendant be immediately apprised of the nature of the proceeding and the penalties which may be imposed, the legislature also mandated that the warning 'notice' be placed on the 'face' of the application so that it will be immediately brought to the attention of the defendant.The word 'face' as used in the statute is to be given its usual dictionary meaning. It is defined in Webster's Third New International Dictionary (Unabridged), 1971, as follows:"7: a front, upper, or outer surface or a surface presented to view or regarded as principal: as a: the front of anything having two or four sides opposed to back . . ."(Stevens Plumbing Supply Co., Inc. v. Bi-County Plumbing & Heating Co, Inc., 94 Misc 2d 456 (Sup. Ct. Nassau Cnty. 1978]).The Court of Appeals has provided useful guidance with respect to the way courts are to interpret statutes:
" 'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature' (Patrolmen's Benevolent Assn. v. City of New York, 41 NY2d 205, 208 [391 N.Y.S.2d 544, 359 N.E.2d 1338 (1976)]; see also, *843 Longines-Wittnauer v. Barnes & Reinecke[, Inc.], 15 NY2d 443, 453 [261 N.Y.S.2d 8, 209 N.E.2d 68 (1965)]). As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof. As we have stated: 'In construing statutes, it is a well-established rule that resort must be had to **410 the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for [*6]construction and courts have no right to add to or take away from that meaning' (Tompkins v. Hunter, 149 NY 117, 122—123 [43 N.E. 532 (1896)]; see also, Matter of Raritan Dev. Corp. v. Silva, 91 NY2d 98 [667 N.Y.S.2d 327, 689 N.E.2d 1373 (1997)])" (Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]).In examining the words employed by the Legislature in the applicable statute, NYJUD § 756 includes the following relevant language, "[t]he application shall contain [emphasis added]." "In the absence of contrary legislative intent or any qualifying language in the statute, the word 'shall' is deemed to be mandatory" (Saunders v. Smith, 99 AD2d 671 [4th Dept 1984]; see also, 97 NY Jur. 2d Statutes § 17). As the Legislature included the word "shall" in NYJUD § 756, and this Court cannot locate any contrary legislative intent or any qualifying language in the statute, this Court determines that the word "shall" was intended by the Legislature to be a mandatory requirement, for which this Court has no discretion to overlook.
Having found the notice requirement set forth in NYJUD § 756 to be a mandatory statutory requirement for a movant seeking contempt, a trial court lacks jurisdiction to find the responding party in contempt if such notice is not provided (see Community Preservation Corp. v. Northern Blvd. Property, LLC, 139 AD3d 889 [2d Dept 2016] ["Although the receiver's motion was in writing and complied with the 10-day notice requirement, it did not comply with the warning requirement. As such the court was without jurisdiction to punish the appellant for contempt for failing to comply with its prior order (internal citations omitted)"]; see also Roberto M v. Melanie D-B., 34 AD3d 284 [2d Dept 2006]; DeMorris v. DeMorris, 279 AD2d 446 [2d Dept 2001]; Matter of Dawn P., 180 AD2d 800 [2d Dept 1992]).
While failure of a movant seeking a finding of contempt to provide the statutory notice required by NYJUD § 756 warrants dismissal of the motion, the responding party must raise an objection asserting alleged non-compliance timely (see Mente v. Wenzel, 192 AD2d 862 [3rd Dept 1993]). Respondent will have been determined to have waived any objection to non-compliance with NYJUD § 756, thus preventing the motion to proceed without dismissal, if that party contests the subject motion on the merits without raising such objection:
"The defendant contends that the Supreme Court was without authority to adjudicate him in contempt because the plaintiff's order to show cause failed to include the notice and warning requirements of Judiciary Law § 756. By contesting the contempt application on the merits without raising this objection, the defendant waived any objections to the validity of the application based upon those requirements (see Matter of Rappaport, 58 NY2d 725, 726, 458 N.Y.S.2d 911, 444 N.E.2d 1330; Matter of Cunha v. Urias, 101 AD3d 996, 957 N.Y.S.2d 228; Matter of Laland v. Edmond, 13 AD3d 451, 785 N.Y.S.2d 718; Matter of Restivo v. Cincu, 11 AD3d 621, 782 N.Y.S.2d 867)" (see, Dalton v. Dalton, 164 AD3d 1300 [2d Dept 2018]).Here, Motion Sequence No. 2 includes a prayer for relief seeking the entry of an order finding Plaintiff in civil and criminal contempt, however upon inspection of Defendant's notice of cross motion the statutory warning language required by NYJUD § 756 is not included on the face of the cross motion or elsewhere in the application. In such an instance, upon receipt of a timely objection, this would warrant dismissal of that prong of relief sought in Motion Sequence No. 2. Therefore, attention must now turn to Plaintiff's Answering Submissions filed in response to Motion Sequence No. 2. Review of these submissions reflect that no objections are set forth therein [*7]pertaining to NYJUD § 756, with Plaintiff instead contesting the contempt application on the merits without raising this objection, thereby waiving an objection based upon Defendant's non-compliance with NYJUD § 756.
Based upon the foregoing, this Court will permit the prong of relief seeking the entry of an order of contempt against Plaintiff set forth in Motion Sequence No. 2. to proceed without dismissal.
C. Relief Sought in Motion Sequence Nos. 1 & 2.As this Court determines that issues of fact exist which prevent the entry of a determination on the requested relief without the necessity of a hearing, the requests for relief set forth in Motion Sequence Nos. 1 and 2 are hereby reserved for a decision to be entered following a hearing to be scheduled by this Court at the status conference scheduled herein.
D. Other Relief.To the extent relief is not granted or otherwise addressed herein, it is hereby denied.
Accordingly, it is herebyORDERED that the relief requested in Motion Sequence Nos. 1 and 2 shall be determined following a hearing to be scheduled at a status conference which shall be held on March 20, 2026, at 9:00 a.m., wherein all parties and counsel shall be present; and it is further
ORDERED that by March 17, 2026, Plaintiff's counsel shall serve a copy of this Decision and Order with Notice of Entry on Defendant's counsel and the attorney for the Child by NYSCEF filing; and by March 17, 2026 shall file a copy of the Notice of Entry and Affidavit of Service with a copy of the certified mail tracking slip.
The foregoing constitutes the Decision and Order of the Court. 
Dated: March 16, 2026White Plains, New YorkENTER:HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:Note: As will be set forth herein, this submission has been acknowledged but not considered in connection with the pending applications due to the affirmation's failure to comply with CPLR §2106.

Footnote 2:Note: As will be set forth herein, this submission has been acknowledged but not considered in connection with the pending applications due to the affirmation's failure to comply with CPLR §2106.

Footnote 3:Note: As this action was commenced in Supreme Court, Kings County, references to NYSCEF document numbers herein are reflective to the documents filed in Westchester Supreme Court following the transfer. 

Footnote 4:See, NYSCEF Doc. 177. 

Footnote 5:See, NYSCEF Doc. No. 176.

Footnote 6:See, NYSCEF Doc. No. 158.

Footnote 7:See, NYSCEF Doc. No. 160.

Footnote 8:See, NYSCEF Doc. Nos. 161-162.

Footnote 9:See, NYSCEF Doc. No. 163.

Footnote 10:See, NYSCEF Doc. No. 167.

Footnote 11:See, NYSCEF Doc. No. 168.

Footnote 12:See, NYSCEF Doc. No. 169.

Footnote 13:See, NYSCEF Doc. No. 170.

Footnote 14:See, NYSCEF Doc. Nos. 172-182.

Footnote 15:See, NYSCEF Doc. No. 183.

Footnote 16:See, NYSCEF Doc. No. 185.

Footnote 17:See, NYSCEF Doc. No. 190.

Footnote 18:See, NYSCEF Doc. No. 191.

Footnote 19:See, NYSCEF Doc. Nos. 193-197.

Footnote 20:See, NYSCEF Doc. Nos. 198-206.

Footnote 21:See, NYSCEF Doc. No. 198.

Footnote 22:See, NYSCEF Doc. No. 209.

Footnote 23:See, NYSCEF Doc. No. 195.